UNITED ENGINEERS AND CONSTRUCTORS, INCORPORATED, PROSECUTOR, v. THOMAS ANDERSON, DEFENDANT.

Submitted May term, 1936—Decided October 13, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the prosecutor, *Henry H. Fryling* and *Elmer W. Romine.*

For the defendant, *Abraham S. Gechtman* and *William Fogel.*

The opinion of the court was delivered by

CASE, J. The single question is whether an earlier determination by the workmen's compensation bureau was so dispositive of the issues presented by a later petition as to constitute *res adjudicata* and thus deprive the bureau of jurisdiction to entertain the later petition.

On June 14th, 1934, Thomas Anderson filed his first petition. He alleged therein that he had suffered compensable

injury and that his disability was such that he would never be able to work. By a bill of particulars thereunder he further asserted that he was, on July 3d, 1934, suffering from a one hundred per cent. disability. The bureau found that the employer had already paid Anderson temporary compensation for a period of forty-three and five-sevenths weeks at $20 per week and compensation for permanent disability to the extent of sixteen per cent. of the total and that those payments constituted adequate compensation. Thereupon the petition was dismissed. Those findings were incorporated within a rule for judgment dated January 30th, .1935, and amended July 24th, 1935.

On June 14th, 1935, Anderson filed another petition seeking compensation. It, too, asserted that the petitioner would not be able to work again. It further alleged a progressive increase of the disability. The employer moved to dismiss the second petition upon the ground that the claim for compensation having been once heard and denied no further right to compensation existed, and that as the bureau had heard and denied the claim for one hundred per cent. total disability that determination constituted *res adjudicata* against a claim for compensation based upon increased disability.

We do not follow that reasoning. In the first place, neither the original petition nor the bill of particulars filed thereunder claimed precisely what prosecutor asserts. The language did not constitute a claim for one hundred per cent. *permanent* disability; but even if it were so construed, a determination of the bureau adverse to that contention would not of itself prevent a review upon a claim of subsequently increased disability. *Ecken* v. *O'Brien,* 115 *N. J. L.* 33; 178 *Atl. Rep.* 373.

We find no bar in the 1935 determination to a timely review upon the ground of disability increased since the making of that determination. The new petition is not nicely framed as a petition for review but it may be so construed, and the deputy commissioner sitting in the cause entertained it as such. His language is: "If I had found on the original hearing that the petitioner was totally disabled of course then there would be no cause of action. But I didn't find that. I

found that the petitioner was only partially disabled and therefore under the statute the petitioner has the right to come in simply on that one issue, not to go into the facts in the case that were taken up before hand. But the burden is on the petitioner to show that since that hearing the petitioner's disability has increased." We consider that the position thus stated was quite tenable. The earlier adjudication is *res adjudicata* as to the issues then determined but not on the question of an increased disability alleged to have taken place subsequent to the original determination.

The writ will be dismissed, with costs.