33944. CHEVROLET, ATLANTA DIVISION, GENERAL MOTORS CORPORATION *v.* DICKENS.

DECIDED APRIL 19, 1952.

*Ferdinand Buckley, Marshall, Greene, Baird & Neely,* for plaintiff in error.

*T. Elton Drake, John M. Williams, Harry E. Monroe,* contra.

WORRILL, J. (After stating the foregoing facts). The only question presented for determination is whether or not the board abused its discretion in granting a lump-sum settlement. The Code, § 114-417, as amended by the act of 1937 (Ga. L. 1937, pp. 230, 233, 528, 531), and the act of 1943 (Ga. L. 1943, pp. 167-169; Code, Ann. Supp., § 114-417), provides: "Whenever any weekly payment has been continued for not less than 26 weeks, the liability therefor may, when the State Board of Work-

men's Compensation deem it to be to the best interest of the employee or his dependents, or where it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Board, but in no case to exceed the commutable value of the future installments which may be due under this law: Provided, that the lump sum to be paid shall be fixed at an amount which will equal the total sum of the probable future payments, reduced to their present value upon the basis of interest calculated at five per cent. per annum." The evidence authorized the board to find that the claimant, who was unable to continue doing physical labor, could not support his family on the weekly compensation, but that with a lump sum he could prepare for a job that would not require physical exertion and be able to earn a living. When the Director entered an award, finding no change in condition and directing that the compensation payments be continued, he also entered a "further award," which has been quoted above. While it is clear that "further award" referred to consideration to be accorded the matter of an examination of the claimant, it will be noted that it is not required that the *claimant* initiate the examination, but that *he be given* a further thorough examination. As indicating that the employer was to be the moving party, it is further stated that, "In the event the *employer* should elect," etc. (Italics ours). It appears that no examination was had, and it might be contended that the claimant should have reported this fact to the Board of Workmen's Compensation for handling, but can it reasonably be contended that this burden rested on him when the "further award" shows that the employer was to initiate the proceedings? Furthermore, on failure so to act, can the employer, when he is notified that the claimant has procured a doctor who will perform the operation for $450, object to the price as being too high and thus frustrate the matter of an operation? It is our opinion that it should have agreed to such operation or have protested to the board that the price was too high and thus let the board act in the matter. On such a showing of lack of cooperation by the employer, and there being nothing in the law requiring an examination before the award of a lump sum, it

can not be said that the board abused its discretion in awarding a lump sum. It follows that the superior court did not err in affirming the award. The contention of counsel for the employer, that the application for the lump sum should not have been considered until the rulings in the award of January 22, 1951, were carried out, is without merit. · That award merely directed that consideration be accorded the matter of the claimant being given a further thorough examination to determine if surgery is needed, and that, in the event "the employer should elect to furnish further medical and surgical treatment and the parties cannot agree as to the selection of the physician . . either party shall have the right to make application to this Board for the purpose of determining the issue." More than seven months had elapsed between that award and the hearing on the application for a lump sum, but the evidence showed that the employer had not offered any further medical treatment or examination since the award on January 22. Neither party made application to the board "for the purpose of determining the issue." Apparently the employer did not "elect to furnish further medical and surgical treatment." There is nothing in the previous award to bar the granting of a lump-sum payment. The contention that the board "had to assume that claimant was permanently and totally disabled at the time of the hearing" is without merit, since "under the Georgia law it is not a condition precedent that it first be adjudicated that the disability is permanent." *Lumbermen's Mutual Casualty Co.* v. *McIntyre*, 67 *Ga. App.* 666, 669 (21 S. E. 2d, 446).

There being a dissent in the division to which this case was originally assigned, it was considered by the whole court, as provided by the act approved March 8, 1945 (Ga. L. 1945, p. 232).

*Judgment affirmed. Sutton, C.J., Gardner, P.J., Townsend, and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. The award granting compensation stated: "It is the further award of this director that consideration by [be] accorded the matter of claimant being given a further thorough examination by a physician mutually acceptable to the employer and claimant for the purpose of determining whether or not surgery is indicated and if so, such surgery would

likewise be performed by a competent surgeon, mutually accept-able to the employer and claimant. In the event the employer should elect to furnish further medical and surgical treatment and the parties cannot agree as to the selection of the physician to make the examination and to perform the operation, if an operation is indicated, either party shall have the right to make application to this Board for the purpose of determining the issue." There has been no effort on the part of the claimant to have himself examined by a physician suitable to both parties nor has there been a submission to the board of the issue as to who should perform an operation if one is necessary. I think that a lump-sum award is premature until an examination is had, and if an operation is found necessary, an operation ordered by the board is refused by the employer.