**MID-CONTINENT CASUALTY COMPANY**
**and T. & J. Oil Products, Petitioners,**
**v.**
**Floyd A. CALER and the State Industrial**
**Commission, Respondents.**
**No. 38570.**

Supreme Court of Oklahoma.
Nov. 3, 1959.

Covington, Donovan & Gibbon, Tulsa, for petitioners.

Stubbs & Douglas, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

On August 18, 1958, Floyd A. Caler, hereinafter referred to as claimant, filed a claim for compensation against T. and J. Oil Products and its insurance carrier, Mid-Continent Casualty Company, stating that on January 27, 1958, while in the employ of T. and J. Oil Products he sustained an accidental injury consisting of an injury to his back resulting in some permanent disability to his person. The accident occurred when a tail gate on a truck slipped back and struck him. On October 3, 1958, claimant was awarded compensation for such injury in the sum of $8,250.00 payable at the rate of $30.00 per week for 285 weeks based on 55 per cent permanent partial disability to his body as a whole.

On October 16, 1958, claimant filed a motion to commute periodical compensation payments into a lump sum payment. The trial judge at the close of the evidence at the hearing of such motion and on November 12, 1958, entered an order commuting periodical compensation payments into a lump sum which order was sustained on appeal to the Commission en banc. Petitioners bring the case here to review this order.

■ ■ The sole contention is that the State Industrial Commission was without authority to commute periodical compensation payments in the absence of specific finding that such is in the interest of substantial justice.

This same question was raised and considered in Cole Spurgeon Drilling Company v. Parris, Okl., 346 P.2d 173. In that case we denied such contention. The proposition here presented was fully discussed and considered in that case and the order was sustained. What is there said is controlling here.

Order sustained.