DONALD J. CHATFIELD, Claimant and Respondent, v.
INDUSTRIAL ACCIDENT BOARD et al., Defendants
and Appellants.

No. 10441.
Submitted June 14, 1962. Decided August 27, 1962.
374 P.2d 226.

L. V. Harris (argued orally), Helena, for appellants.

Skelton & Hendricks, Thomas P. Hendricks (argued orally),
Robert R. Skelton (appeared), Missoula, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion
of the Court.

This is an appeal by the Industrial Accident Board from a decision of the district court of Missoula County, modifying a decree of the Board. The Board allowed the claimant compensation for 217 weeks, payable every four weeks. The district court, after hearing further additional testimony, increased the award to 500 weeks, payable in a lump sum.

Claimant was a pipe fitter. In connection with that work he was compelled to stoop, to crawl in confined spaces, to work on his knees for long periods of time, to use heavy pipe wrenches, to lift heavy pipes, and often to weld with his arms raised above his head.

Claimant was at all times an employee of L. J. McDonald, who was covered under plan three of the Workmen's Compensation Act. While so employed, claimant suffered a series of three industrial accidents within a period of 43 months.

The first accident occurred when the claimant touched an electrical fixture while grounded. At the time, the injury was thought to be slight and confined to minor burns on his fingers. Subsequently other physical manifestations appeared. Claimant was no longer able to raise his right arm above shoulder height. Moreover, when forced to exert effort with that arm, the muscles, would suddenly lose ability to function, and claimant would no longer have control over the arm.

The second injury occurred in May 1959, when an overhead wooden beam on which the claimant was standing collapsed. Claimant injured both knees. Subsequently his right knee stiffened.

The third injury occurred in August 1959 when the claimant re-injured his knees and broke his ankle.

By this time it was apparent that the claimant was a danger to himself and to others if he continued to work.

Thereafter, the claimant was only able to secure one job. That was a temporary position as a non-laboring union steward. The position entailed arbitrating union craft disputes on a

construction job. The job is quite rare in Montana, occurring twice in twenty-five years in the Missoula area.

The position lasted four month; thereafter the claimant was unable to secure any permanent employment. On one occasion, he was called in by his former employer. They were doing a job for the claimant's daughter, and the employer thus sought to help the daughter reduce her costs. Claimant tried, but was unable to perform the work.

Prior to the first accident, the claimant had purchased a ranch near Charlo, Montana, on which to grow hay in order to give his then minor sons something to do during the summer. Both have now grown and are of age.

In late 1958, the older son went into partnership with the claimant and contributed money with which to purchase dairy stock. Following the second accident, the claimant borrowed money from a Ronan bank, and from Gold Medal Dairies. With this money, the partnership further expanded the dairy operation. Under the partnership arrangement, the claimant contributed capital and his knowledge of farming, the latter acquired when he was growing up on a farm.

It is not in dispute that the claimant has suffered an impairment of from ten to twenty percent in his right arm, and from thirty-five to forty percent in his right leg.

The Industrial Accident Board contends that the claimant is limited to the recovery which he may receive by the 1957 amendment to section 92-703, R.C.M.1947, which limits recovery for impairment to a member, to the amount that would be allowable under the specific injury statute, section 92-709. For authority, the Board cites Becktold v. Industrial Accident Bd., 137 Mont. 119, 350 P.2d 383.

Claimant contends that though the disability to each member is in fact only partial, the combined effect of each is total disability. Moreover claimant contends that the limitation enunciated in the Becktold case has no application where there are other subsequent injuries.

The Becktold case, supra, involved a single accident. The decision was split three to two. Three members of the court declined full compensation on the ground that there was no evidence of injuries except the traumatic amputation. For that reason, they applied the limitation involved in the 1957 amendment to section 92-703, R.C.M. 1947. Two members of the court dissented on the ground that there was sufficient evidence of other injuries. All were in agreement that if there were in fact other injuries, then the limitation did not apply. The majority stated it thus:

"This amendment controls the amount of compensation due where the claim is confined solely to the amputated parts of the body. When other injuries are suffered in addition to those resulting in amputation, the specific injury statute would not provide the limitation of compensation if the additional injuries complained of were proven."

The instant case involves not only additional injuries, but subsequent accidents resulting in additional injuries. To permit full recovery under the facts would set no precedent. Recently this court was called upon in Newman v. Kamp, 140 Mont. 487, 374 P.2d 100, to decide whether the specific injury statute limited recovery where there was evidence of subsequent accidents resulting in additional injuries. We ruled therein that where there is evidence to support the findings of the district court that there are additional injuries, the limitation stated in the Becktold decision, supra, does not apply.

Appellants argue that the district court was required to affirm the findings of the Board to the effect that the claimant was not totally disabled. In support of their position, the appellants cite Moffett v. Bozeman Canning Co., 95 Mont. 347, 351, 26 P.2d 973, 974, which states: "The district court on appeal from the board is not justified in reversing a finding of the board unless the evidence clearly preponderates against such finding."

In support of its position that the claimant is not totally disabled, the Board cites his work for four months as a union

shop steward, his abortive attempt to return to physical work following his union job, and his financial success on the dairy ranch.

The fact that the claimant accepted employment as a shop steward for the union for four months does not indicate that the claimant is fit for work. The rarity of such positions precludes the claimant from acquiring a similar position. Further the character of the shop steward job should give some indication of the accommodation type of position that it really was.

If anything, the claimant's unsuccessful attempt to return to work following the union position supports his position rather than that of the Board.

Finally, it would seem that the Board correlates ability to acquire income with ability to work. Any income which the claimant has received from the ranch is a result of his capital investment and not from the sweat of his brow. The fact that claimant was able to "boss" his own ranch does not indicate an ability to compete on the labor market for a similar position elsewhere.

We need not comment upon the rule in Moffett v. Bozeman Canning Co., supra. Here there is no evidence to support the Board's contention that the claimant is not totally disabled, rather all the evidence presented was to the effect that he could not work.

Appellants also urge that their finding that a lump sum award was not justified should have been sustained by the district court. In support appellant cites Malmedal v. Industrial Accident Bd., 135 Mont. 554, 342 P.2d 745, and Laukaitis v. Sisters of Charity, 135 Mont. 469, 342 P.2d 752.

In each of the cited cases, the claimant urged that a lump sum award should be given, *even though both the Board and the district court denied it*. In the instant case, the trial court did feel that the lump sum award was justified. Moreover, there are other points of difference between the cited cases and the instant case.

In Malmedal v. Industrial Accident Board, supra, the claimant wished to have the lump sum to purchase a new house and to obtain a larger plot where he could grow a garden to help sustain himself. In that case, the court stated: "His present home was not a good one, but it did have available ground for gardening. The claimant never planted anything or tried to raise anything. The board and the district court were justified in finding his proposed plan lacked a reasonable basis for accomplishment as shown by his complete lack of initiative to attempt to do anything for himself other than try to get a lump-sum settlement."

The conduct of claimant Chatfield is the exact opposite. Since his impairment, the claimant has successfully managed a dairy ranch. It is sustaining him. Where claimant Malmedal sat back and did nothing, claimant here has attempted to make himself a self-supporting taxpaying citizen of the state.

In Laukaitis v. Sisters of Charity, the claimant, a seventy year old widow, wanted the lump-sum payment so as not to be "an unbearable burden" on her five grown children. The court in that case pointed out that with the monthly payment that the claimant was receiving and the fact that she was now living with a son, she was in better financial condition than before the accident.

Claimant Chatfield is but fifty years old, he has a wife to support. His older son contributed $2,500 and is a working partner on the dairy ranch. Claimant's financial condition is substantially worse than before the accident, moreover any money made on the ranch is subject to payment on loans and expenses.

Again referring to the Laukaitis case, supra, this court said:

"In these cases [Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 268 P. 495; Kustudia v. Industrial Acc. Bd., 127 Mont. 115, 258 P.2d 965, and Peitz v. Industrial Acc. Bd., 127 mont. 316, 264 P.2d 709] lump sums were allowed and upheld by this

court. *But in each case, we indulged in the presumption of correctness of the district court's findings."* Emphasis supplied.

There is no dispute that the claimant is entitled to some compensation. When an injured worker receives compensation he can either sit back, or he can marshall his remaining physical and mental assets and attempt to get back into the main stream of commerce.

This court cannot say that the district court abused its discretion in making an award which encourages the initiative of this worker.

The decision of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, CASTLES, and DOYLE concur.