76 N.J. Super. 379 (1962)
184 A.2d 670
KATHERINE MAYTI, PETITIONER-APPELLANT,
v.
SINGER MANUFACTURING CO., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Union County Court, Law Division.
Decided October 1, 1962.
*380 Mr. Mortimer Wald for petitioner-appellant (Messrs. Weiner, Weiner and Glennon, attorneys).
Mr. Everitt Rhinehart for respondent-respondent (Mr. John W. Taylor, attorney).
FULOP, J.C.C.
This is an appeal by the petitioner from the denial by the Division of Workmen's Compensation of a claim for additional disability allegedly resulting from an accident which occurred on October 3, 1952.
The petitioner was previously awarded compensation for 50% of total permanent disability. The Division held that she was 100% totally and permanently disabled but that only 50% was attributable to the injuries suffered in the compensable accident and the remaining 50% was due to pre-existing disability not causally related to the accident. Thereafter, a petition for compensation for the balance of the total disability out of the One Per Cent Fund pursuant to N.J.S.A. 34:15-95 was denied by the Commissioner. On appeal to this court, the claim was allowed. Mayti v. Male, 59 N.J. Super. 478 (Cty. Ct. 1960).
The determination of this court as to the right of petitioner to recover from the One Per Cent Fund was appealed *381 to the Appellate Division. In the meantime petitioner had filed a petition for further compensation for additional disability resulting from the compensable accident. This petition had been stayed in the Division pending determination of the One Per Cent Fund claim.
After determination of the One Per Cent Fund claim here and appeal therefrom to the Appellate Division, appellant applied to the Appellate Division for a stay of the appeal pending determination in the Division of the claim for additional compensation from the employer. The employer, Singer Mfg. Co., was joined as a party to the appeal in the One Per Cent Fund matter, and petitioner's motion for a stay of the appeal was granted.
Thereafter the petition for additional compensation ran a two-year course through the Division. On April 24, 1962, it was denied. The appeal to this court is taken merely as an indispensable step in getting the matter before the Appellate Division.
This case rivals the record of Jarndyce v. Jarndyce (Dickens-Bleak House) in wending its weary way through the Division and the courts. Mrs. Mayti was 59 years of age when she was injured. She is now at or near 70 years of age. She is seriously ill and may not attain normal life expectancy. It seems unlikely that she will survive to receive any of the payments from the One Per Cent Fund awarded to her 2 1/2 years ago, even if the award is sustained.
To avoid any further delay, I shall present my conclusions at once and without extensive research.
The judge of compensation held that the petitioner has suffered an increase of 10% of partial permanent disability from her employment related injury, but denied compensation therefor upon the ground that since she has been awarded compensation for 100% total permanent disability from the two combined sources, i.e., the employer and the One Per Cent Fund, she can be awarded no more. He also noted the absence of evidence as to "the progression, if any, of petitioner's pre-existing disability."
*382 Petitioner argues that one who has been awarded compensation for total permanent disability may be awarded additional compensation for a subsequent accidental injury; that "legally" a person may be more than 100% disabled, and that petitioner should therefore be awarded compensation for increased disability.
It seems to me that the difficulty in the case is semantic. Logically it is not possible for a person to be more than 100% disabled in fact. However, an award of compensation for 100% total disability is not an adjudication that the employee is in fact physically 100% disabled. Such an award merely adjudges that his disabilities as an economic working unit are such as to entitle him to the maximum statutory compensation.
A person who has been awarded compensation for 100% total permanent disability may in fact engage in gainful employment thereafter. N.J.S.A. 34:15-12(b) expressly provides for that possibility. If again injured in a compensable accident, it would seem that he should be entitled to compensation for the second injury. If compensation were not allowed under such circumstances, the employee would be in the position of an outlaw under ancient law who might be injured or killed with impunity. Such a result would not accord with currently acceptable legal views especially in the field of Workmen's Compensation. However, the authorities are divided. See Van Tassel v. Basic Refractories Corporation, 216 App. Div. 774, 214 N.Y.S. 491 (App. Div. 1926); Spencer v. Industrial Commission, 87 Utah 336, 40 P.2d 188 (Sup. Ct. 1935); Dennis v. Brown, 93 So.2d 584 (Fla. Sup. Ct. 1957); 2 Larson, Workmen's Compensation Law, § 59.42 p. 67.
On the other hand, an award of compensation for 100% total permanent disability should preclude any further award for any increase in the effects of the same injury. This is not because the effects of the injury may not increase. They may and frequently do increase and the condition of the employee may grow worse. But further compensation *383 may not be allowed because the employee has received all that the law allows. The award could have been no higher if the subsequent increase of the disability had been present when the original award was made. This view would seem unquestionable where the 100% award is against the employer. It is implied in United Engineers and Constructors, Inc. v. Anderson, 14 N.J. Misc. 799, 187 A. 363 (Sup. Ct. 1936), cited by the judge of compensation. No other authority on the point has been cited or found.
The question then remains whether the combined awards, one against the employer for 50% and the other against the One Per Cent Fund for 50%, have the same effect as though the entire award had been against the employer. This situation seems indistinguishable in principle from the case of the 100% award against the employer alone.
It is argued that the One Per Cent Fund award is not the full equivalent of an award against the employer because it does not provide for counsel fees or future medical treatment. The difference is immaterial. The Legislature had power to fix the maximum compensation and it need not be absolutely equal in all cases. Nor is there any evidence as to the need for additional medical care for the work-connected injury in this case. See Sa v. H.L. Harrison & Son, Inc., 38 N.J. 203 (1962).
The foregoing would be sufficient to dispose of this case without more. However, to meet the possibility that I may be in error on the law as above stated, it seems advisable to make a finding of fact as to the existence of the increased disability from the compensable injury. On this I respectfully disagree with the conclusion of the learned judge of compensation.
I have examined the testimony for the petitioner with some care and I do not believe that the examining physician was in a position to distinguish increased disability attributable to the accident from the generally increased arthritic crippling due to her underlying condition nor to determine the percentage of such increase. In view of the insufficiency *384 of the petitioner's proof, respondent was justified in resting without offering evidence. A permissible inference that respondent's examining physicians were not called because they could not deny the evidence offered for the petitioner or because their testimony would have been unfavorable to respondent is not sufficient to supply the deficiency in petitioner's proof. 2 Wigmore on Evidence (3d ed.) § 290 (5) p. 179; McCormick on Evidence, § 249, p. 535. Cf. Ferdinand v. Agricultural Ins. Co. of Watertown, N.Y., 22 N.J. 482 (1956).
For both of the above reasons the dismissal of the claim will be affirmed.