79 N.J. Super. 556 (1963)
192 A.2d 310
KATHERINE MAYTI, PETITIONER-APPELLANT,
v.
SINGER MANUFACTURING COMPANY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 17, 1963.
Decided June 26, 1963.
Before Judges GOLDMANN, FREUND and FOLEY.
*557 Mr. Mortimer Wald argued the cause for appellant (Messrs. Weiner, Weiner & Glennon, attorneys; Mr. Wald, on the brief).
Mr. Everitt Rhinehart argued the cause for respondent (Mr. John W. Taylor, attorney).
PER CURIAM.
Pending appeal from the County Court judgment entered in Mayti v. Male, 59 N.J. Super. 478 (1960), affirmed in our per curiam opinion filed this day, 79 N.J. Super. 554, petitioner filed a petition to obtain additional compensation for increased disability resulting from the compensable accident she suffered on October 3, 1952. The background facts are set out in Mayti v. Male, which involved the One Per Cent Fund, and in the Mayti v. Singer Mfg. Co., 76 N.J. Super. 379 (Cty. Ct. 1962), dealing with the increased disability claim.
The judge of compensation held that petitioner had suffered an increase of 10% of partial permanent disability from her employment-related injury, but denied compensation therefor on the ground that since she had previously been awarded compensation for 100% total permanent disability from two combined sources  the employer and the One Per Cent Fund  she could obtain no further award. He also noted the absence of evidence as to the "progression, if any, of petitioner's pre-existing disability since January 21, 1958," the date of the One Per Cent Fund hearing.
On appeal, the County Court affirmed the dismissal of the claim petition. The county judge held that "an award of compensation for 100% total permanent disability should preclude any further award for any increase in the effects of the same injury. This is not because the effects of the injury may not increase. * * * But further compensation may not be allowed because the employee has received all that the law allows." He held that the combined awards which petitioner had received, one against her employer for 50% and the other against the Fund for 50%, had the same effect as though the entire award had been against the employer.
*558 However, the county judge stated a second ground for affirming the dismissal of the petition for additional compensation. He held that petitioner's proofs did not establish that she had suffered an increase in disability attributable to the accidental injury. An accordant judgment was entered, followed by this appeal. Mayti v. Singer Mfg. Co., above.
We have carefully reviewed and analyzed the record and agree with the county judge that petitioner failed to carry her burden of establishing that there had been any increase in her disability resulting from her work-connected injury. We affirm on this ground alone, and therefore are not to be considered as joining in or approving any other views expressed by the county judge.
Petitioner argues that the County Court erred "in reversing the determination of the Workmen's Compensation Division which found an increase in disability against Singer Manufacturing Company to the extent of 10% of permanent partial total. It did not have jurisdiction to consider that question." Specifically, the argument is that R.R. 5:2-5(a) states that a cross appeal may be taken as provided in R.R. 1:3-2, and respondent did not cross-appeal.
Petitioner's appeal to the County Court was from "the judgment of dismissal entered in the above matter by the Workmen's Compensation Division." Petitioner cites the cases of Walsh v. Kotler, 46 N.J. Super. 206 (App. Div. 1957), and Quiles v. N.J. Metals Co., 37 N.J. 91 (1962), in support of her contention that the County Court had no jurisdiction to determine that her proofs were insufficient to support a finding of increased disability attributable to the accidental injury. The cases are inapplicable. Both involved a situation where petitioner appealed from an award in the Division on the ground that the amount was inadequate. In neither case did the respondent take a cross-appeal, but sought to argue on petitioner's appeal as to the adequacy of the award that the award be reversed altogether and the petition dismissed on the ground that there was no causal relation between the disability and the injury, and hence no compensable injury.
*559 Respondent here is not seeking to overrule or modify the County Court determination, in which case a cross-appeal would have been mandatory. All it seeks is to preserve the judgment entered in its favor. To this end it may, without having cross-appealed, brief and argue on appeal any points which will sustain the County Court judgment. State v. Le Fante, 14 N.J. 584, 589 (1954); State v. Siciliano, 21 N.J. 249, 260 (1956).
Affirmed.