549 P.2d 628

**Larry CODLING, Plaintiff-Appellee,**

v.

**AZTEC WELL SERVICING CO., Employer, and Employers National Insurance Company, Insurer, Defendants-Appellants.**

**No. 2369.**

Court of Appeals of New Mexico.

April 27, 1976.

**214**

———◆———

Larry T. Thrower, Tansey, Rosebrough, Roberts & Gerding, P.C., Farmington, for defendants-appellants.

Gary Harrell, Briones & Harrell, Farmington, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Plaintiff was awarded 50% partial permanent disability pursuant to the Workmen's Compensation Act. Sections 59–10–1 through 59–10–37, N.M.S.A.1953 (2d Repl. Vol. 9, pt. 1, 1974). Subsequently, plaintiff filed a motion for "a lump sum award equal to the present value of all future payments of compensation computed at 5% discount,

compounded annually" on the ground that it was in his best interest. The trial court, pursuant to § 59–10–25(B), supra, directed defendants to pay to plaintiff a lump sum award as set forth in the motion. Defendants appeal that award and as points for reversal contend: (1) § 59–10–25(B), supra, does not authorize a lump sum award in this case; and, (2) that there was not sufficient reason or need to show that it was in plaintiff's best interest to receive a lump sum award.

We affirm as to point (1) and reverse as to point (2).

*Lump Sum Awarding: § 59–10–25(B), supra.*

Section 59–10–25(B), supra, which remains unchanged since its enactment in 1929, states:

"B. The *district court* in which the right to compensation is enforceable *at all times has the right and power to* auththorize, *direct* or approve *any settlement* or compromise *of any claim for compensation* by any injured workman or his personal representative or dependents, or any person appointed by the court to receive payment of the compensation, *for the amount and payable in* installments or *lump sum or in any other way and manner as the court may approve.*" [Emphasis added].

Section 59–10–13.5(B), supra, enacted in 1969 and amended in 1973 states:

"B. If, upon petition of any party in interest, the court determines in cases of total permanent disability or death that it is for the best interests of the parties entitled to compensation, and after due notice to all parties in interest of a hearing, the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation computed at five per cent [5%] discount, compounded annually."

Defendants' contention is that the award granted is not a settlement or compromise

within the meaning of § 59–10–25(B), supra. Defendants state that: "[a] commutation of periodical payments, although sometimes called a lump sum settlement, is not a determination of the amount by an agreement of the parties, but is a mathematical computation of the present value of a series of future payments which are fixed as to the amount and the number  *  *  *" and that the statutory lump sum discharge, " *  *  *  such as those authorized by § 59–10–13.5(B) and the award granted in the instant case, are not 'settlements or compromises' within the meaning of § 59–10–25(B)  *  *  *." Based on the foregoing premise, which we do not accept, and defendants' definition of settlement (implying a meeting of the minds), which we do not accept within the wording of § 59–10–25(B), supra, (See 3 Larson, Workmen's Compensation Law § 82.71 (1973)) defendants contend that § 59–10–25(B), supra, " *  *  * by its terms,  *  *  *  is not applicable to statutory lump sum discharge schemes such as that set up in § 59–10–13.5(B)."

Defendants state that their " *  *  * contention appears to be at odds with a part of this court's holding  *  *  *" in *Livingston v. Loffland Brothers Co.*, 86 N.M. 375, 524 P.2d 991 (Ct.App.1974) and ask us to reverse that holding insofar as it relates to § 59–10–25(B), supra. We decline the offer.

Defendants urge that § 59–10–13.5(B), supra, is no more than the enabling legislation of § 59–10–25(B), supra. We disagree.

Given the statutory scheme of our Workmen's Compensation Act prior to the enactment of § 59–10–13.5(B), supra, the district court had a general grant of power to "direct" a "settlement" or to "approve" a "compromise" of any claims in a lump sum. Section 59–10–25(B), supra. This does not mean the district court is required to direct a settlement or to approve a compromise. See *Ritter v. Albuquerque Gas & Electric Co.*, 47 N.M. 329, 142 P.2d 919 (1943). We hold that "direct," as it is used in the statute means to order. In this context and given the parallel use of the words "approve" a "compromise" we can see no other meaning for the words "direct" a "settlement" than that the district court, once the right for compensation has been established, may order, upon petition, an award of a "lump sum" settlement.

After the enactment of § 59–10–13.5(B), supra, the district court was required to proceed under § 59–10–13.5(B), supra, when ordering lump sum settlements in cases of "total permanent disability or death" because § 59–10–13.5(B), supra, dealt specifically with those two categories. However, § 59–10–13.5(B), supra, did not change the applicability of § 59–10–25(B), supra, to lump sum settlements in other categories— such as partial disability.

### Justification for a Lump Sum Award.

Generally, the best interests of the claimant will be served by paying the compensation in regular installments as wages are paid. 3 Larson, supra. Within the policy considerations of the Workmen's Compensation Act the interests of the claimant and the public are paramount. To prevent the claimant from being on the welfare rolls is a part of the legislative scheme. For example, see § 59–10–19.2, supra, relating to vocational rehabilitation services. Further, the legislative scheme was not meant to allow a recovery comparable to that in the normal tort recovery. See § 59–10–25(A), supra, relating to diminution, termination or increase of compensation because of a change in disability of the claimant. Periodic payments supply, in a measure, the loss of a regular pay check.

Lump summing, being a departure, should only be permitted when it appears that exceptional circumstances warrant the departure. *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975). However, once a departure is warranted there should be no hesitancy in making a lump sum award. The award may be either in whole or in part so long as it is made because of exceptional circumstances.

**216**

█ The lump sum award should be calculated on a sound annuity basis and should not be permitted for the purpose of beating the actuarial tables. 3 Larson, supra. The claimant has the burden of showing that it is in his best interest and that the lack of lump summing would create a manifest hardship where relief is essential to protect claimant and his family from want, privation or to facilitate the production of income or to help in a rehabilitation program. Depending on the circumstances, the payment of debts may or may not be an important factor.

See the following cases where a lump sum award was granted: *Livingston v. Loffland Brothers Co.*, supra; *Prigosin v. Industrial Commission*, 23 Ariz.App. 561, 534 P.2d 1060 (1975); *Kuehn v. National Farmers Union Property & Cas. Co.*, 164 Mont. 303, 521 P.2d 921 (1974); *Herndon v. City of Miami*, 224 So.2d 681 (Fla.1969); *Mid-Continent Casualty Company v. Caler*, 346 P.2d 177 (Okl.1959); *Chatfield v. Industrial Accident Board*, 140 Mont. 516, 374 P.2d 226 (1962); *Texas Employers Ins. Ass'n v. Trapp*, 258 S.W.2d 112 (Tex.Civ. App.1953); *Travelers Insurance Company v. Williams*, 109 Ga.App. 719, 137 S.E.2d 391 (1964); *Chevrolet, Atlanta Division, etc. v. Dickens*, 86 Ga.App. 18, 70 S.E.2d 515 (1952); *Bethlehem Steel Co. v. Taylor*, 199 Md. 648, 87 A.2d 844 (1952); See Annot. 69 A.L.R. 549 (1930) and 3 Larson, supra.

See the following cases where a lump sum award was denied: *Arther v. Western Company of North America*, supra; *Malmedal v. Industrial Accident Board*, 135 Mont. 554, 342 P.2d 745 (1959); *Laukaitis v. Sisters of Charity of Leavenworth*, 135 Mont. 469, 342 P.2d 752 (1959); *Johnson v. General Motors Corporation*, 199 Kan. 720, 433 P.2d 585 (1967); *Special Indemnity Fund v. Litterell*, 380 P.2d 946 (Okl.1963); *Mayti v. Singer Mfg. Co.*, 76 N.J.Super. 379, 184 A.2d 670 (1962); aff'd 79 N.J. Super. 556, 192 A.2d 310 (1963); *United States Fidelity & Guaranty Company v. Nash*, 116 Ga.App. 123, 156 S.E.2d 550 (1967); *Ross v. C. F. Lytle Company*, 183 Kan. 825, 332 P.2d 592 (1958); *Kokotovich v. Industrial Commission*, 69 Colo. 572, 195 P. 646 (1921); *H. W. Clark Co. v. Industrial Commission*, 291 Ill. 561, 126 N.E. 579 (1920). See Annot. 69 A.L.R., supra, and 3 Larson, supra.

█ The foregoing cases are to the effect that each case stands or falls on its own merits. As each request for a lump sum payment is unique, a precise enumeration of what factual ingredients constitute special circumstances is impossible. But in considering the cases which have granted a lump sum award, it becomes apparent that in each a certain factual situation has emerged which, by its quantum and quality of evidence, has convincingly portrayed the existence of exceptional circumstances. Compare the facts in *Livingston v. Loffland Brothers Co.*, supra, with the facts in *Arther v. Western Company of North America*, supra.

*Propriety of the Lump Sum Award.*

█ Is there sufficient evidence, therefore, in the case before us, which demonstrates such exceptional circumstances so as to come within the meaning of § 59–10–25(B), supra, and the philosophy of relief afforded by the Workmen's Compensation Act?

Plaintiff is married and has four children ranging from age eleven months to eleven years. He is unemployed but is actively pursuing an electro-mechanical technology program which he is scheduled to complete in June 1977. After completion of the program he hopes "to get on with the Four Corners power plant as an electronics technician."

Plaintiff currently has the following income available for expenses: wife's "bring home" income is $400.00 per month; veterans administration assistance $410.00 per month, which, according to record, possibly

terminates June 1, 1976; disability insurance of $400.00 per month which terminates August 1976; and workmen's compensation payment of $32.50 per week for a total monthly income of approximately $1,350.00. At the present time it costs plaintiff "seven, eight hundred dollars a month" to live. The record does not reflect what sums of money, if any, plaintiff has saved from the excess income nor does the record reflect any form of a budget. Further, the record does not disclose whether the above costs "to live" include any monthly indebtedness payments on the assets listed below.

Plaintiff has the following other assets and liabilities: owns and lives on four acres (estimated value "sixteen or seventeen hundred dollars an acre) of improved land on which there is owed $2,000.00; lives in a double wide trailer on which there is owed (pay off) $9,700.00; owns a 1966 pickup free and clear, and a 1973 VW on which there is owed $1,500.00 to $1,600.00; receives his school tuition, books and supplies without cost; and, has medical bills of $800.00 to $1,000.00 which were incurred by his wife.

If granted a lump sum award plaintiff's wife would like "to stay home and take care of the baby"; he would pay the medical bills; he would pay off the land and car; and, he would place the balance in a savings account for "a supplementary program." Plaintiff also testified he had previously managed a large sum of money and that it was prudently used.

Based upon the foregoing facts, as found by the trial court, it concluded that it was in plaintiff's best interest to receive a lump sum award. Under the rule announced herein, we are of the opinion that the findings are insufficient to support a lump sum award. The judgment of the trial court is reversed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.