629 P.2d 1219

**Rose Ann SPIDLE, Petitioner,**

v.

**KERR–McGEE NUCLEAR CORPORATION,
Respondent.**

No. 13550.

Supreme Court of New Mexico.

June 2, 1981.

Rehearing Denied June 26, 1981.

James L. Brandenburg, John L. Walker, Albuquerque, for petitioner.

Glascock, McKim, Head & Kozeliski, George W. Kozeliski, Gallup, for respondent.

## OPINION

SOSA, Senior Justice.

The issue before this Court on certiorari is whether, pursuant to Section 52–1–30(B), N.M.S.A.1978, the district court was correct in awarding appellant Rose Ann Spidle a lump-sum settlement in lieu of future weekly workmen's compensation benefits. Appellant, the widow of a worker covered under the Workmen's Compensation Act, §§ 52–1–1 through 52–1–69, N.M.S.A.1978 (Orig.Pamp. and Cum.Supp.1980), intends to use the lump-sum payment to purchase or build a larger home for herself, her four children and grandchild.

Glen Dean Spidle was fatally injured on July 22, 1977, in the course and scope of his employment for appellee Kerr-McGee Nuclear Corporation (Kerr-McGee). After his death, appellee paid appellant workmen's compensation benefits of $142.59 per week. On April 18, 1979, appellant filed a complaint asking the district court to compel appellee to pay her in a lump sum all future workmen's compensation benefits to which she might be entitled pursuant to Section 52–1–30(B). On February 27, 1980, the district court granted her a lump-sum award of $49,014.67 as of December 28, 1979. On appeal by Kerr-McGee, the Court of Appeals reversed the lower court. Appellant petitioned for a writ of certiorari. We reverse the Court of Appeals and affirm the district court's grant of the lump-sum payment.

In workmen's compensation cases, Section 52–1–30(B) states that:

> If, upon petition of any party in interest, the court, after hearing, determines * * * in case of death that it is for the best interests of the persons entitled to compensation, * * * the liability of the employer for compensation may be discharged by the payment of a lump sum equal to the present value of all future payments of compensation * * * *

The Court of Appeals has held that a petitioner for a lump-sum award of workmen's compensation

> has the burden of showing that it is in his best interest and that the lack of lump summing would create a manifest hardship where relief is essential to protect claimant and his family from want, privation or to facilitate the production of income or to help in a rehabilitation program.

*Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 216, 549 P.2d 628, 631 (Ct.App. 1976). The question to be determined in this case is whether appellant has met this burden.

█ In workmen's compensation cases, periodic payments are the general rule and lump-sum awards are the exception. The purpose of the Workmen's Compensation

Act is to help protect the recipient of the payments against want and to avoid his becoming a public charge. *Codling, supra.*

We agree with the Court of Appeals in *Codling, supra,* that:

[E]ach case stands or falls on its own merits. As each request for a lump sum payment is unique, a precise enumeration of what factual ingredients constitute special circumstances is impossible. But in considering the cases which have granted a lump sum award, it becomes apparent that in each a certain factual situation has emerged which, by its quantum and quality of evidence, has convincingly portrayed the existence of exceptional circumstances.

89 N.M. at 216, 549 P.2d at 631.

In *Livingston v. Loffland Brothers Co.,* 86 N.M. 375, 524 P.2d 991 (Ct.App.1974), *cert. denied,* 86 N.M. 372, 524 P.2d 988 (1974), a lump-sum award was ordered so that the plaintiff in that case, the surviving spouse of a deceased employee, could purchase land and a trailer for herself and her minor son. The plaintiff and her four-year-old son were living in a three-bedroom house with her father, mother and brother. She had attempted to rent an apartment but either the rental was too high or landlords refused to rent to a person with a child. The court found that with the land and trailer house plaintiff could manage on her monthly income from Social Security, that she had managed the family finances during her seven years of marriage to the decedent, and that the balance of the award would be invested for the eventual use of the child.

In *Arther v. Western Company of North America,* 88 N.M. 157, 538 P.2d 799 (Ct.App.1975), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975), the court denied a lump-sum award to a twenty-one-year-old widow who had been married about one month who was not pregnant nor had any children from the marriage. The plaintiff sought the lump sum for investment purposes and to avoid forfeiture of future payments which would otherwise stop on her death or remarriage. Although such a result would clearly be in the plaintiff's best interest, the court noted that granting a lump-sum award would be inconsistent with the legislative intent that compensation was only to be paid while plaintiff was a widow. Thus, proof that a lump-sum award is in the best interest of the recipient will not justify a court in ordering such an award if to do so would undermine the public policy which the statute is intended to promote.

Other New Mexico cases have denied lump-sum awards to dependents of disabled workers. *Codling, supra,* decided under the "best interest" standard of the pre-1975 version of the statute (§ 59–10–13.5, N.M.S. A.1953 (2nd Repl.Pamp.1974)), involved a partially disabled worker who was actively pursuing a training program and requested the award so that his wife could stay home with their youngest child. Two other cases which involved disabled workers were decided under the "interest of rehabilitation" standard of § 52–1–30, N.M.S.A.1978, as it now reads: *Lamont v. New Mexico Military Institute,* 92 N.M. 804, 595 P.2d 774 (Ct. App.1979), *cert. denied,* 92 N.M. 675, 593 P.2d 1078 (1979), in which the evidence relating to the therapeutic value of the plaintiff's receiving a lump-sum award was not conclusive because of her mental condition and because her motive for wanting the award (to buy a house) might leave her without sufficient funds for everyday living costs; and *Lane v. Levi Strauss & Co.,* 92 N.M. 504, 590 P.2d 562 (Ct.App.1979), in which a totally and permanently disabled plaintiff might have undertaken rehabilitative surgery, or, if not, might have quickly exhausted the award, turning to welfare for relief. Either result would have thwarted the purpose of the Workmen's Compensation Act.

Although dealing with disabled instead of deceased workers, cases applying the "best interest" standard and awarding lump-sum awards include: *Livingston v. Loffland Brothers Co., supra; Kuehn v. National Farmers Union Property & Cas. Co.,* 164 Mont. 303, 521 P.2d 921 (1974), in which it was held to be in the best interests of the plaintiff to uphold a partial lump-sum award so that plaintiff, whose age, abbreviated education, somewhat limited literacy,

and lack of clerical experience rendered his employment prospects negligible, could satisfy his personal indebtedness; *Chatfield v. Industrial Accident Board*, 140 Mont. 516, 374 P.2d 226 (1962), in which the Montana Supreme Court upheld the district court's lump-sum award to a plaintiff who was unable to secure employment due to the nature of his injuries and the scarcity of jobs for which he was trained even though he was a partner with his son in a successful farm operation; *Cole Spurgeon Drilling Company v. Parris*, 346 P.2d 173 (Okl.1959), where a lump-sum award was upheld in favor of the plaintiff who requested the payment in order to satisfy his indebtedness caused by his inability to work and the small amount of his monthly payments, and to use the remaining amount to purchase a chicken farm as a means of obtaining a greater income with which to support his family. In all of these cases, the district court's power to determine the best interests of the claimant and the public by awarding lump-sum payments was upheld.

■ Accordingly, we affirm the district court's decision that it is in the best interests of appellant in this case to receive a lump-sum payment of the workmen's compensation benefits to which she is entitled. Appellant is a widow with three teen-age boys, a daughter and a grandchild. She and her husband had made plans for a new home prior to his death due to the crowded living conditions and lack of privacy in the family home. The district court found that this was a valid reason for the award and dismissed the argument that appellant would squander the lump-sum payment. Under the facts of this case, we do not find that the trial court abused its discretion in making the lump-sum award.

For the foregoing reasons, the Court of Appeals is reversed and the district court's grant of the lump-sum payment is affirmed.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE, FEDERICI and RIORDAN, JJ., concur.