No. 92-050

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992


MICHAEL H. TEHLE,

         Claimant and Respondent,

  -vs-

ALPINE PLUMBING,

         Employer,

  and

STATE COMPENSATION MUTUAL INSURANCE FUND,

         Defendant and Appellant.

FILED

JUL 9 1992

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  The Workers' Compensation Court,
             The Honorable Timothy Reardon, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

         Charles G. Adams, Legal Counsel, State Compensation
         Mutual Insurance Fund, Helena, Montana

      For Respondent:

         Patrick R. Sheehy, Halverson, Sheehy & Plath, P.C.,
         Billings, Montana


Submitted on Briefs:  June 4, 1992

Decided:  July 9, 1992

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

State Compensation Mutual Insurance Fund (State Fund) appeals from an order and judgment of the Montana Workers' Compensation Court. The court held that Michael Tehle (Mike) suffered a total loss of wages due to work-related injuries, despite the fact that his plumbing business actually increased gross income receipts. The court determined that Mike was entitled to temporary total disability benefits. We affirm.

We review the following dispositive issue:

Whether the Workers' Compensation Court erred in determining that Mike suffered a total loss of wages.

Sometime in 1985, Mike and his wife Cheryl, opened a plumbing business, Alpine Plumbing and Heating, in Billings, Montana. Mike performed all the physical plumbing work himself, while Cheryl handled all the financial aspects of the business including clerical and scheduling duties. In approximately October of 1986, Mike obtained Workers' Compensation insurance coverage from State Fund. The policy covered Mike as an individual owner doing plumbing work.

On July 30, 1987, Mike suffered severe injuries when a ditch in which he was installing sewer lines collapsed upon him. Mike was buried in dirt almost to the top of his head. While Mike was rescued by his son and a backhoe operator who dug him out of the collapsed ditch, he was crushed by the weight of the dirt. As a result of the severe compression, Mike suffered a basal skull fracture and was treated with steroids which later produced various

complications. He received damage to cranial nerves in his face which resulted in his inability to close his right eyelid for a period of two months. He also sustained a hearing loss and suffered a fractured left clavicle, fractured ribs, a dislocated arm, a fractured jaw and related dental problems. Throughout this period State Fund paid Mike temporary total disability benefits. During the period of Mike's convalescence, his son, father and wife continued to operate Alpine Plumbing and Heating.

After returning to work on March 25, 1988, Mike began to have problems with his hips which resulted from the use of steroids to treat his other injuries. These complications resulted in the complete replacement of Mike's left hip joint and a core decompression of his right hip. In approximately September of 1988, Mike and Cheryl were forced to hire employee plumbers to keep the business in operation due to Mike's physical limitations. When not in severe pain and recovering from his injuries and surgeries, Mike contributed minimally to the operation of the plumbing business. He sometimes answered the phone and gave recommendations and directions to his employee plumbers.

Cheryl's involvement in the business increased and she continued to schedule the plumbing jobs for the recently hired employees and complete all necessary paper work. Mike has not performed any plumbing activities since approximately November 1989. On December 10, 1990, the State Fund discontinued Mike's Workers' Compensation benefits due to the fact that Alpine Plumbing and Heating remained profitable and actually increased its income

3

since Mike's injuries. Mike challenged the discontinuance of his benefits and the Workers' Compensation Court reinstated Mike's temporary total disability benefits. State Fund appeals and we affirm.

Two recent cases of this Court have set forth the appropriate standard of review in Workers' Compensation cases. The Workers' Compensation Court's conclusions of law will be upheld if the interpretation of the law is correct. Grenz v. Fire and Casualty of Connecticut (1991), 250 Mont. 373, 378, 820 P.2d 742, 745; citing Steer, Inc. v. Dept. of Revenue (1990), 245 Mont. 470, 474-475, 803 P.2d 601, 603. The Workers' Compensation Court's findings of fact will be upheld if supported by substantial credible evidence. Nelson v. Semitool, Inc. (Mont. 1992), 829 P.2d 1, 3, 49 St.Rep. 253, 254.

This case hinges upon the distinction between two important concepts: "wages" and "income from profits." Mike asserts that due to his injuries he sustained a total loss of wages. While he performs minor duties for the business, he is not involved in any of the physical plumbing activities in which he previously engaged. Further, he has not taken a salary draw from the business since his injuries. Consequently, he has earned no wages and is therefore entitled to continued temporary total disability benefits under § 39-71-701, MCA (1987).

State Fund contends that the profits and subsequent income to Mike from Alpine Plumbing and Heating has increased since Mike's injuries, therefore, Mike has not suffered a total loss of wages as

4

required by the statutes. We disagree.

Section 39-71-118(2), MCA (1987), provides:

> If the employer is a partnership or sole proprietorship, such employer may elect to include as an employee within the provisions of this chapter any member of such partnership or the owner of the sole proprietorship devoting full time to the partnership or proprietorship business . . . For premium ratemaking and for the determination of weekly wage for weekly compensation benefits, the insurance carrier shall assume a salary or wage of such electing employee to be not less than $900 a month and not more than 1 ½ times the average weekly wage as defined in this chapter.

Pursuant to the aforementioned statute, Mike elected coverage and complied with the requirements of the statute. State Fund processed his application and promised coverage that insured Mike against injury that affected his wages.

We acknowledge that the concepts of wages and income from profits are often used interchangeably but they are not the same, and it is error to use them synonymously. In the case at bar, State Fund made such an error.

A review of the record indicates that the success of Alpine Plumbing and Heating and its subsequent increase in profitability was not attributed to the ongoing efforts of Mike in his capacity as a plumber. In fact, the record illustrates the determination and tenacity of Mike's wife Cheryl and the rest of his family as they faced and survived the circumstances that befell them. During Mike's initial infirmity period, Mike's son and father carried out the physical aspects of the business while Cheryl continued to schedule plumbing jobs and prepare all necessary paperwork. When Mike was further unable to work due to his hip surgeries, Cheryl

5

and Mike decided to hire employee plumbers to carry on their business. This business decision apparently enabled Alpine Plumbing and Heating to not only remain operational, but increase in popularity and success, resulting in increased profits. It is clear that these increased profits have not come as a result of Mike's involvement in the business post-injury. Therefore, we will not allow State Fund to escape responsibility under the valid contract of insurance which they negotiated with Mike. This Court does not dispute that Mike is now in a better financial position than he was prior to his injury, however, that does not establish grounds on which to deny him coverage under a valid insurance contract.

State Fund attempts to support its position by stating that the income received from the business is currently being derived partly from the Tehles' initial investment and their reputation for good work. Consequently, Mike is still receiving wages from the business. Again, we cannot agree. Section 39-71-123, MCA (1987), defines wages as:

> [T]he gross remuneration paid in money, or in a substitute for money, for services rendered by an employee. Wages include but are not limited to:
>
> (a) commissions, bonuses, and remuneration at the regular hourly rate for overtime work, holidays, vacations, and sickness periods;
>
> (b) board, lodging, rent, or housing if it constitutes a part of the employee's remuneration and is based on its actual value; and
>
> (c) payments made to an employee on any basis other than time worked, including but not limited to piecework, an incentive plan, or profit-sharing arrangement.

6

Although the statute does not contain an all-inclusive list of what constitutes wages in Montana, we do not find any similarity with the terms listed therein. Certainly, we do not find that income from profits are contained in the definition of "wages."

Previously, we addressed the problem of whether the ability to acquire income was equal to the ability to work. In Chatfield v. Industrial Accident Board (1962), 140 Mont. 516, 374 P.2d 226, we answered in the negative. We said:

> Finally, it would seem that the board correlates ability to acquire income with ability to work. Any income which the claimant has received from the ranch is a result of his capital investment and not from the sweat of his brow. The fact that claimant was able to "boss" his own ranch does not indicate an ability to compete on the labor market for a similar position elsewhere.

Chatfield, 140 Mont. at 520, 374 P.2d at 228. Chatfield is analogous to the case at bar in that both claimants obtained income from a business they previously operated. The point of both the Chatfield case and the case at bar is not that the individual is able, through alternative business arrangements, to make a profit from their business, but that they can no longer perform the activities which State Fund insured.

After a review of the record in the case at bar, we find that the Workers' Compensation Court possessed the requisite evidence and testimony to support its findings and conclusions. The Workers' Compensation Court supported its findings of fact with substantial credible evidence and it made correct conclusions of law. Therefore, we will not overturn the Workers Compensation Court's ruling. Accordingly, Mike is entitled to temporary total

7

benefits from November 14, 1989, until there is a change in his medical status that would require compensation or denial thereof according to relevant Montana statutes.

_____
                                    Justice

We concur:

_____
         Chief Justice

_____

_____

_____
         Justices

8