MRS. PETRONELLA LAUKAITIS, PLAINTIFF AND APPELLANT, *v.* SISTERS OF CHARITY OF LEAVENWORTH, AND AETNA CASUALTY AND SURETY COMPANY, DEFENDANTS AND RESPONDENTS.

No. 10002.

Submitted May 11, 1959. Decided July 16, 1959.

342 Pac. (2d) 752.

Kelly, Battin and Wm. R. Taylor, Billings, J. H. McAlear, Red Lodge, William T. Kelly, Billings, for appellant. J. H. McAlear and William T. Kelly argued orally.

Jardine, Stephenson, Blewett & Weaver, Great Falls, for respondent. William L. Baillie argued orally.

MR. JUSTICE CASTLES:

This appeal is from a district court judgment, which judgment affirmed the decision of the Industrial Accident Board. The judgment provided total disability payments for 500 weeks. The appeal is from that part of the judgment denying a lump sum payment.

The sole question presented is whether the district court and the Board abused their discretion in disallowing a lump sum settlement.

The claimant, appellant herein, was injured while working as a kitchen helper in St. Vincent's Hospital. The injury consisted of a collapse of the 11th thoracic vertebra. Claimant was born in the year 1883, and was at the time of her accident in 1954, 70 years of age. Medical testimony indicated that she was in poor health, and that much of her disability was due to age and other factors not attributable to the accident. Nonetheless, total permanent disability payments were allowed. This total permanent disability rating is not disputed on this appeal. The only dispute is as to whether the payments should be weekly or in a lump sum.

Prior to the accident, the claimant lived alone in a small apartment. She was making a bare living, but was independent from anyone in her own support and care. Her living conditions consisted of a two-room apartment, sharing a bathroom, not modern, with six others.

Several months after the accident the claimant moved in with her 43 year old unmarried son and now lives in a small but modern apartment. She also has four adult independent daughters who maintain their own homes.

Claimant's financial condition now is that she draws $80 per month social security and $18 per week workmen's compensation payments. The total is more than she received prior to the accident. It is also quite clear from the record that her living conditions are improved, although her physical condition is poor.

The claimant cannot do very much in the way of caring for herself, but evidence in the record indicates that she does shop for groceries, but largely the burden of her care, except financially, falls upon her son. The son testified that it was what counsel called "a tragic hardship" on him to care for his mother, and that he has had to hire a day companion for her. The day companion cooks meals and keeps house for the son, as well as the claimant. The son seems to benefit as much as the mother.

The plan for a lump sum settlement was to hire a full-time nurse and companion for the claimant. The five adult children for reasons of employment, families, etc., all claimed that it would be an "insufferable burden" on them to care for their aged mother in their homes. Counsel for claimant states in his brief that the district court's failure to grant a lump sum settlement had the effect of making the claimant an economic burden on her children.

In quoting counsel's use of the term to be applied to adult children's care of an aged and infirm parent as being an "insufferable burden," we think it comment enough. But see statutory requirement in R.C.M. 1947, sec. 61-124, as to indigent parents. See Bible, Exodus XX, verse 12.

The question of whether monthly payments can be converted into a lump sum rests in the discretion of the board, both as to the amount and the advisability of such conversion. See section 92-715, R.C.M. 1947, as amended, which provides:

"The monthly payments provided for in this act may be converted, in whole or in part, into a lump sum payment, which lump sum payment shall not exceed the estimated value of the present worth of the deferred payments capitalized at the rate of five per centum (5%) per annum. Such conversion can only be made upon the written application of the injured workman, his beneficiary, or major or minor dependents, as the case may be, and shall rest in the discretion of the board, both as to the amount of such lump sum payment and the advisability of such conversion. * * *"

This court has stated that the intention of the legislature in enacting the Workmen's Compensation Act was that the monthly payment plan provided should be the rule and the lump sum settlement the exception. This is the ruling in Davis v. Industrial Accident Board, 92 Mont. 503, 507, 15 Pac. (2d) 919, 920. There the court said: "Undoubtedly the legislature intended that the monthly payment plan should be the rule and the lump-sum payment the exception; the monthly payment is the substitute for the pay check. * * *

" 'The principle involved in the Compensation Acts is that the benefits received are a substitute for the wages of the injured employee, and with this theory in mind the legislatures of all states, except three, have provided for priodical payments. The purpose of this method is to preclude any possibility of an imprudent employee or dependent wasting the means for support and thereby becoming a burden upon society.

" 'Fraternal insurance statistics show that more than fifty per cent of the insurance money paid to widows and orphans reaches the hands of swindlers.' (Schneider on Workmen's Compensation Law, 1296; Cogdill v. Aetna Life Ins. Co., 90 Mont. 244, 2 Pac. (2d) 292 296.)" And see Williams v. Industrial Accident Board, 109 Mont. 235, 97 Pac. (2d) 1115.

In Landeen v. Toole County Refining Co., 85 Mont. 41, 46, 47, 277 Pac. 615, 617, we held regarding a lump sum award that "in view of the language of this section [R.C.M. 1947, sec. 92-715], we have no doubt that the power to convert the monthly payments into a lump sum payment is reposed, in the first instance, in the Industrial Accident Board. The question 'shall rest in the discretion of the board, both as to the amount of such lump sum payment and the advisability of such conversion.' Experience has demonstrated that lump sum awards should be the exception rather than the rule. Lincoln Water & Light Co. v. Industrial Commission, 332 Ill. 64, 163 N. E. 381; Harper's Workmen's Compensation, 2d Ed., sec. 185.

" 'The fundamental basis of workmen's compensation laws

is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents shall not necessarily rest upon the public but that the industry in which the accident occurred shall pay, in the first instance, for the accident. Clark Co. v. Industrial Commission, 291 Ill. 561, 126 N. E. 579. Generally, the best interests of the disabled workman or his dependents will be best served by paying the compensation in regular installments as wages are paid. Such payments supply in a measure the loss of the regular pay check.' Sangamon County Mining Co. v. Industrial Commission, 315 Ill. 532, 146 N. S. 492.

" 'Commutation being a departure from the normal method of payment is to be allowed only when it clearly appears that the condition of the beneficiaries warrants such a departure, but there should be no hesitancy in permitting such departure where the best interests of the parties demand it.' Honnold on Workmen's Compensation, sec. 179. * * *

"Having entered its order granting or denying the application, the board's decision will not be disturbed upon appeal, except for an abuse of its discretion. Sullivan v. Anselmo Mining Corporation, 82 Mont. 543, 268 Pac. 495; Reteuna v. Industrial Commission, supra [55 Utah 258, 185 Pac. 535]; Stephenson v. State Industrial Commission, 79 Okl. 228, 192 Pac. 580." And see Moffett v. Industrial Accident Board, 130 Mont. 303, 306, 301 Pac. (2d) 340, where we criticized the board for making a lump sum settlement. In that case we emphasized the previously stated rule that monthly payments should be the rule and lump sum settlements the exception.

In the instant case the board and the district court found ▇ that monthly payments would be for the best interest of the claimant and that the evidence presented by the claimant failed to establish otherwise. This establishes a presumption of correctness and if supported by any creditable evidence must be affirmed. Moffett v. Bozeman Canning Co., 95 Mont. 347, 351, 26 Pac. (2d) 973; Landeen v. Toole County Refining

Co., supra; Dean v. Anaconda Co., 135 Mont. 13, 335 Pac. (2d) 854; Morgan v. Industrial Accident Board, 133 Mont. 254, 321 Pac. (2d) 232; Birnie v. United States Gypsum Co., 134 Mont 39, 328 Pac. (2d) 133.

Following these rules on lump sum payments and presumptions as to the correctness of the findings of the board and the district court, we have carefully examined the record, and although there is some conflict, there is ample credible testimony to support such findings. No undue hardship is shown on the claimant. It can have no bearing, but neither is any undue hardship shown on her adult son who is caring for her. Her compensation, although small, is adequate for her needs. Her age is such that she may not live to collect a total of 500 weeks according to mortality tables, but who are we to say how long she will be in need of weekly benefits. Some issue is made by the claimant and the respondent as to attorney's fees, but we are not impressed with the need for discussing the issue.

We are, however, not to be interpreted as holding that lump sum awards are looked on with disfavor. As said in Landeen v. Toole County Refining Co., supra, 85 Mont at page 47, 277 Pac. at page 617, "there should be no hesitancy in permitting such departure where the best interests of the parties demand it."

Appellant relies on three Montana cases, Sullivan v. Anselmo Mining Corp., 82 Mont. 543, 268 Pac. 495; Kustudia v. Industrial Accident Board, 127 Mont. 115, 258 Pac. (2d) 965; and Peitz v. Industrial Accident Board, 127 Mont. 316, 264 Pac. (2d) 709.

In these cases lump sums were allowed and upheld by this court. But in each case, we indulged in the presumption of correctness of the district court's findings. In each case the claimant was the breadwinner of his family and the dependent's welfare was a matter of concern, such as school facilities. In the Sullivan case, a lump sum payment was upheld for a 39 year old family head with a wife and minor child, depend-

ent upon him for support, the court saying that this was a discretional matter with the board and district court and would not be disturbed unless an abuse of discretion was shown.

In the Kustudia case, Kustudia was a coal miner, married and the father of four minor children. He was a total disability, and the evidence showed that if he moved to a new area his wife could find work as well as he could improve his living conditions for social, moral, and educational betterment of himself and family, all dependent upon him.

In the Peitz case the same considerations appeared. Nowhere do we see in the instant case any such abuse of discretion as would move us to disturb the findings of the board and the district court.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES BOTTOMLY, ANGSTMAN and ADAIR concur.