ORLANDO MALMEDAL, Plaintiff and Appellant, *v.* IN-DUSTRIAL ACCIDENT BOARD, Defendant and Respond-ENT.

No. 9951.
Submitted June 10, 1959. Decided July 21, 1959.
Rehearing Denied August 20, 1959.
342 Pac. (2d) 745.

Kelly, Battin & William R. Taylor, Billings, J. H. McAlear, Red Lodge, for appellant.

William T. Kelly, Billings, and J. H. McAlear, Red Lodge, argued orally for appellant.

L. V. Harris, Helena, for respondent.

L. V. Harris, Helena, argued orally for respondent.

MR. JUSTICE CASTLES:

This is an appeal from a district court judgment which affirmed an Industrial Accident Board order, which order had granted the claimant total disability payments for 200 weeks. The district court heard new evidence at the time of hearing the appeal from the Board's order as to the then condition of the claimant.

The record before the Board, the district court, and now this court reveals a back injury, commonly called "disc trouble." The exact date and circumstances attending the accident are confused by the claimant's own reports to his doctors, the Board and by his testimony. However, since the Board found disability arising out of his employment, we need not be detained by the exactness of the accident and resulting injury except to mention the discrepancy in claimant's stories since these factors would have some bearing on the Board's and district court's exercise of discretion in making an award, particularly as to retaining jurisdiction so that a later review might be had.

The claimant was at the time of the accident in 1954 a 38-year-old truck driver. He was married and had five minor children dependent upon him. He now has a sixth child. His education was eighth grade. His work history was manual labor and truck driving. At the time of the accident he lived in a rented place with an acre of ground available for gardening. Since the injury and subsequent operation he has not worked, nor sought work, but has watched after the children while his wife worked.

The appeal is directed to the district court's affirmance of the Board's order that the claimant was not totally and permanently disabled and that 200 weeks would be a reasonable period during which claimant may be expected to recover and rehabili-

tate himself. Coupled to this contention is that a lump-sum award of compensation should have been made.

The theory of the appellant seems to be that the Board must award 500 weeks compensation in a lump sum on the testimony before it.

The medical testimony before the Board was provided by three doctors, one of whom had treated the claimant and performed an operation. The medical evidence established generally that the operation was successful and that the claimant had made a good recovery. Two of the doctors said that his disability was ten or twenty percent disability. One of the doctors stated that in his opinion, the claimant, although with a good recovery, was 100 percent disabled. This doctor repeated his opinion before the district court at the later hearing on his then condition. The appellant's brief has dwelt at great lengths on the medical testimony. We have carefully read his excerpts of the medical testimony, as well as the whole record, and without going into detail say that generally the weight of the testimony does not establish that the claimant is either totally or permanently disabled. Nonetheless, the Board and the district court gave the claimant the benefit of the doubt by granting total disability for a period of 200 weeks. Appellant's counsel asserts that such a period must come from an "Ouija Board" and does not have any basis from the record. It is true that the number of weeks is a prediction, but our query will be whether or not it is an abuse of discretion under the facts and circumstances of the case.

R.C.M. 1947, section 92-713, provides:

"If aggravation, diminution, or termination of disability takes place or be discovered after the rate of compensation shall have been established, or compenastion terminated in any case, where the maximum payments for disabilities as provided in this act have not been reached, adjustments may be made to meet such changed conditions by increasing, diminishing or terminating compensation payments in accordance with the provisions of this act."

R.C.M. 1947, section 92-826, provides for continuing jurisdiction of the Board within limits not herein applicable.

This principle of continuing jurisdiction was commented upon by this court in Meznarich v. Republic Coal Co., 101 Mont. 78, 91, 53 Pac. (2d) 82, 86, as follows:

"Construing a statute which permits a modification of the 'award' when it is shown that 'the disability of the workman has increased or diminished' in a case similar to the case at bar, the Supreme Court of Kansas has, we think, correctly stated the purpose of granting the board continuing jurisdiction, as follows: 'What effect an injury will have on the capacity to work is necessarily a matter of prediction in most cases. The arbitrator's prediction may not accord with the facts disclosed by lapse of time. Capacity may increase or decrease beyond what the award contemplated, and compensation should be adjusted accordingly. Therefore, review and modification of the award are provided for at the instance of either the employer or employee. A modified award is still likely to rest in prediction and, if the prediction should prove to be wide of the truth, further adjustment to accord with the facts ought to be made.' * * * Corvi v. J. R. Crowe Coal & Min. Co., 119 Kan. 244, 237 Pac. 1056, 1058." See also Lunardello v. Republic Coal Co., 101 Mont. 94, 99, 53 Pac. (2d) 87.

These cases recognize that the statutory provisions for a continuous review and revision of disability is sound. The prediction of 200 weeks cannot be said to be arbitrary under the circumstances herein. Were the Board to refuse to reinvestigate and review the case at the end of the 200 week period, another matter would be presented. But, such is not the situation here.

The second point of alleged error is as to a lump-sum settlement. We have reviewed the law and the cases in Laukaitis v. Sisters of Charity of Leavenworth, Mont. 1959, 342 Pac. (2d) 752, a decision handed down July 16, 1959, and need not repeat the principles of law applicable.

Briefly, the facts of the proposed plan of rehabilitation by ▮▮▮ the claimant were that he wanted to buy a home with

558

some ground to garden and raise chickens. His present home was not a good one, but it did have available ground for gardening. The claimant never planted anything or tried to raise anything. The board and the district court were justified in finding his proposed plan lacked a reasonable basis for accomplishment as shown by his complete lack of initiative to attempt to do anything for himself other than try to get a lump-sum settlement.

Because of our holding on the first issue, it is not necessary to fully develop the lump-sum issue. See R.C.M. 1947, section 92-715. We do comment, though, in keeping with our previous decisions, that lump-sum settlements are the exception. Any plan for betterment and rehabilitation should demonstrate some reasonable basis for successful fulfillment of the betterment and rehabilitation features. The burden of proof is on the claimant to show this.

The district court judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICE ANGSTMAN, concur.

MR. JUSTICE BOTTOMLY: (concurring in result).

I agree with the result reached in the majority opinion as to the affirmance of the order of the Board and district court in disallowing a lump-sum settlement. However, under the facts and evidence, in my opinion, where, as here, the claimant is a man of very limited education and is totally disabled to perform the only work he is accustomed and qualified to do, that under the law such an injured workman is either able or unable to work. There is no percenatge of ability to perform labor known to our workmen's compenastion law. It is therefore my opinion the claimant being totally disabled and hence incapable of being gainfully employed as the doctor testified, the award should be for 500 weeks, to which the claimant is entitled. The Board, keeping jurisdiction, could at any time in the future if it found the claimant had recovered and was able to resume work, then make an appropriate order.

MR. JUSTICE ADAIR:

I concur in the views expressed in the above opinion of MR. JUSTICE BOTTOMLY.