**FRANTZ, INC., Appellant,**

v.

**BLUE GRASS HAMS, INC., Appellee.**

**BROCK–McVEY REFRIGERATION SUPPLY CO., Appellant,**

v.

**BLUE GRASS HAMS, INC., Appellee.**

Court of Appeals of Kentucky.

Dec. 13, 1974.

As Modified on Denial of Rehearing March 7, 1975.

As Modified May 12, 1975.

S. M. Nash, Jr., Nash & Cox, Lexington, for Frantz, Inc.

B. L. Kessinger, Jr., Harbison, Kessinger, Lisle & Bush, Lexington, for Blue Grass Hams, Inc.

Frank G. Gilliam, Gilliam & Bush, Lexington, for Brock-McVey Refrigeration Supply Co.

STEINFELD, Justice.

Appellee Blue Grass Hams, Inc., was formed in 1967 to engage in the business of quick-curing hams. A cooling system, an essential piece of equipment, was installed, but it failed to operate properly. Blue Grass brought suit against Frantz, Inc., a mechanical contracting firm which had supplied the equipment under an oral agreement with Blue Grass. Frantz filed a third-party complaint against Kremer-Trenton, Inc., manufacturer of the cooling system; K–Service, Inc., installer thereof; Harold Hammack, an officer and manager of Blue Grass, and appellant Brock-McVey Refrigeration Supply Co., designer of the system. Blue Grass then amended its original complaint and made Brock-McVey and K–Service parties defendant. Kremer-Trenton was dismissed on a motion for summary judgment and K–Service was dismissed on a motion for a directed verdict.

At the close of all the evidence, Frantz and Brock-McVey made motions for di-

rected verdicts, which the trial court denied. The jury found against Frantz and Brock-McVey jointly and severally for $16,500 in favor of Blue Grass and for Frantz against Brock-McVey for the amount Frantz had to pay Blue Grass.[1] Frantz and Brock-McVey made motions for judgment notwithstanding the verdict, which motions were denied. Frantz appealed from the judgment, but Brock-McVey undertook to appeal only from the order denying its motion for judgment notwithstanding the verdict. An order of consolidation was entered here.

The cooling system was to be designed and manufactured pursuant to standards and recommendations contained in a booklet and other narrative material furnished Blue Grass by Dr. William Varney, an expert in meat processing. These papers stated that the cooling system should maintain a temperature of between 36°F and 40°F and as near 38°F as possible and that the relative humidity should be 75 to 80%. Dr. Varney's material was delivered by Blue Grass to Frantz, who in turn relayed it to Brock-McVey.

After installation, Frantz submitted a statement to Blue Grass for the cost of the cooling system and other items it had supplied; whereupon, Blue Grass paid Frantz the amount shown on the statement. Frantz guaranteed its work for a period of one year against defects, workmanship and material. Soon after the system was installed, the coils started to "freeze up", which caused the system to stop operating. Numerous service calls were made by K–Service, after each of which the system seemed to operate properly for a short time; however, in September 1968 it failed completely.

■ Frantz contends that it was not a seller within the purview of KRS Chapter 355, Article 2. The word "seller" is defined in KRS 355.2–103(1)(d) as " * * * a person who sells or contracts to sell goods." From the facts in this case, it is our opinion that Frantz is embraced in this definition. Cf. North American Fertilizer Co. v. Combs, 307 Ky. 869, 212 S. W.2d 526 (1948).

■ Frantz charges that it did not hold itself out as skilled or an expert in refrigeration. As we have pointed out, Frantz guaranteed its work for a period of one year against defects and it accepted an order to supply cooling equipment which would accomplish that which Dr. Varney's standards required. Under these circumstances, it appears to us that Frantz held itself out as being able to fulfill the order; therefore, we find no merit in this contention. Frantz cites Belcher v. Hamilton, Ky., 475 S.W.2d 483 (1971), and says that Belcher would not have been held liable if it had not been " * * * a merchant with respect to goods of that kind," as provided in KRS 355.2–314(1). Frantz argues that it was not a merchant with respect to the cooling system, but we disagree. It was in the mechanical contracting business and accepted the order from Blue Grass to supply the equipment, thereby becoming "a merchant with respect to goods of that kind."

■ Brock-McVey did not appeal from a final order as required by our rules. Its appeal must be dismissed. CR 73.03; Hawks v. Wilbert, Ky., 355 S.W.2d 655 (1962).

On the appeal of Frantz the judgment is affirmed.

All concur except REED, J., who did not participate in the decision of this case.

---

1. The verdict exonerated Hammack and the judgment dismissed as to him. He was not named in the appeal.