20175

MAGGIE WOODS et al., Respondents, v. SUMTER STRESS-
CRETE INC., and South Carolina Masonry Fund, Appellants.

(222 S. E. (2d) 760)

*Messrs. Finley B. Clarke* and *C. Weston Houck,* of Florence, *for Appellants,*

*Henry B. Richardson, Jr., Esq.,* of *Richardson & James,* Sumter, *for Respondents,*

*Messrs. Finley B. Clarke* and *C. Weston Houck,* of Florence, *for Appellants, in Reply.*

February 26, 1976.

LEWIS, Chief Justice:

This appeal involves the propriety of an award of the Industrial Commission, affirmed by the lower court, directing a lump sum payment of death benefits under the Workmen's Compensation Act to the widow and two minor children of the deceased employee.

The employee, Ernest Woods, Jr., died as a result of injuries received in his employment with appellant, Sumter Stress-Crete, Inc. His widow and two minor children (ages, now about nine and seven) were awarded death benefits under the Workmen's Compensation Act in the amount of $63.00 per week for 400 weeks, beginning July 7, 1972, not to exceed $25,000.00. The widow and children share equally in the award, one-third each. After the appointment of the widow as guardian for the minor children and the filing by her of guardianship bonds, application was made to the Industrial Commission on May 7, 1973 for the payment of the above award in a lump sum. The approval of this application by the Industrial Commission and the subsequent affirmance by the lower court resulted in this appeal by the employer.

The extent of the authority of the Industrial Commission to allow the payment of the present award in a lump sum is set forth in Section 72-181 of the 1962 Code of Laws as follows:

"Whenever any weekly payment has been continued for not less than six weeks, the liability therefor may, in unusual cases, when the employee so requests and the Commission deems it to be to the best interest of the employee or his dependents, . . . be redeemed, in whole or in part, by the payment by the employer of a lump sum which shall be fixed by the Commission, . . . ."

Compensation in this case is paid solely for the support of the dependents of the deceased employee and is part of the income-protection system established by the provisions of the Workmen's Compensation Act. Experience has taught that this income-protection is best accomplished through periodic income payments. 3 Larson's Workmen's Compensation Law, Section 82-71; *Ashley v. Ware Shoals Manufacturing Co.,* 210 S. C. 273, 42 S. E. (2d) 390.

As stated in *Ashley:* "The principle involved in the compensation acts is that the benefits received are a substitute

for the wages of the injured employee, and with this theory in mind almost all of the legislative bodies of the various States have provided for the payment of compensation in regular installments. The purpose of this method is to prevent an imprudent employee or dependent from wasting the means of his support and thereby becoming a burden upon society."

The quoted section of the Workmen's Compensation Act provides that the general statutory scheme for periodic income benefits can be changed to a lump sum payment only in *unusual cases* and when the Commission deems it to be *to the best interest* of the employee or his dependents. And the burden of showing facts sufficient to justify a lump sum payment of compensation rests, in this case, upon the dependents. *Ashley v. Ware Shoals Manufacturing Company, supra.*

Although, as a general rule, the factual findings of the Industrial Commission are binding on appeal, this is not true in the determination of applications for lump sum payments of benefits and the court in such cases, as stated in *Ashley,* is "empowered to review the record and determine whether the action of the Commission constituted an abuse of discretion."

Appellant contends that the Industrial Commission abused its discretion in granting the application for lump sum payment, in that the evidence failed to show that this is an *unusual case* and that payment of the award in a lump sum would be to the best interest of the dependents, particularly the minor children. We agree and, accordingly, reverse.

The present application was made by the mother of the infant respondents and she testified that she desired the award paid in a lump sum for several reasons. *First,* she desired to pay a mortgage on the residence inherited by her and the children, in equal shares, from the deceased employee. The balance due on this mortgage was approximately

$5,651.00, in monthly payments of $67.40 for an additional seven years. The payments on this mortgage had been kept current. *Second,* a portion of the award would be used to pay two loans from finance companies, one for $800.00 for house repairs, being repaid in monthly payments of $26.00, and the other loan for auto repairs in the amount of $200.00 with monthly payments of $28.00. The payments on the larger loan were current but she was two payments in arrears on the smaller. *Third,* she desired to pay the attorneys' fee for representation in this case in the amount of one-third of the award, although the attorneys had been accepting their fee as she was paid. *Fourth,* the remainder of the funds would be invested in a local savings and loan company where she could obtain better interest. *Lastly,* she was concerned that she might not receive payment of the entire award if payment was left on an installment basis, because the employer was a small company and a self-insurer.

The indebtedness which respondents desire to pay consists of the mortgage on the house, the two loans from the finance companies, and the attorneys' fee. All of the indebtedness is being retired on a monthly basis, the mortgage and finance loans totaling about $121.00 and the attorneys' fee one-third of the award. The present benefit payments are $63.00 per week or approximately $252.00 per month which, after deducting the attorneys' fee of one-third ($84.00), leaves a total net monthly benefit payment of $168.00. In addition, respondents receive the sum of $340.00 per month from Social Security, making a total monthly income of $508.00, after deducting the attorneys' fee. After deducting the monthly loan payments of $121.00, respondents are left with monthly income of approximately $387.00.

The average weekly wage of the employee at the time of his death was approximately $150.00 or $600.00 per month. The gross monthly income of respondents from the award (less attorneys' fee) plus the Social Security payments amounts to $508.00 or $92.00 less per month than the gross monthly income of the employee at the time of his death.

The foregoing facts fail to present an exception to the general rule, adopted by this Court in *Ashley*, that "the desire to pay debts is not regarded as a sufficient ground to justify commutation of compensation payments." The present facts do not present an *unusual case* in this regard within the meaning of the statute. The widow, no doubt, desires to relieve herself of the economic pressure brought about by the monthly payments. The record fails to convince us, however, that the relief afforded by a lump sum payment would not be temporary only, bringing about greater economic trouble in the future.

The widow says however that the respondents would profit, interest wise, by paying the indebtedness and investing the balance in a savings and loan association. The conclusive answer to this contention is that the record fails to show facts to support it.

The Commission has found that the employer, who is a self-insured, was unable "to offer absolute assurance of its future financial capacity to make all the future payments"; and that, therefore, respondents would be better protected by having the balance of the award invested in a federally insured institution. Appellant has complied with the law permitting and regulating self-insurance under the Workmen's Compensation Act. There is nothing in this record to show that appellant is in danger of insolvency and we must assume that, if such were indicated, the Commission would take immediate remedial steps. If the present facts constitute grounds for commutation of payments then every employee of a self-insured employer would be entitled to have benefits paid in a lump sum unless financial guaranty could be given equivalent to federal insurance. The facts here do not sustain the conclusion of the Commission.

The judgment is accordingly reversed and the original award of the Industrial Commission directing payment of the award of weekly payments affirmed.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.