No. 79-10

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

CLARENCE WILLOUGHBY,

Claimant and Respondent,

vs.

ARTHUR G. McKEE & CO.,

Employer,

and

GENERAL ACCIDENT FIRE & LIFE,

Defendant and Appellant.

---

Appeal from: Workers' Compensation Court

Counsel of Record:

For Appellant:

Henningsen, Purcell & Genzberger, Butte, Montana

For Respondent:

Burgess, Joyce and Whelan, Butte, Montana

---

Submitted on briefs: February 27, 1980

Decided: APR 1 - 1980

Filed: APR 1 - 1980

Thomas J. Kearney
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the Workers' Compensation Court granting claimant, Clarence Willoughby, a partial lump sum settlement of benefits due.

Claimant is a fifty-eight year old man whose work history consists of holding jobs in heavy labor. He has been employed as a miner, concrete finisher, and bricklayer. In November 1974 claimant was employed as a bricklayer for the Arthur G. McKee Company. During that month he suffered an industrial accident injury while performing construction work for his employer at the Anaconda smelter in Anaconda, Montana. He fell off a scaffold which was located approximately six feet above a concrete floor and sustained injuries to his neck, left arm and left thumb. He has not worked since the accident. Claimant underwent a spinal fusion and surgery to his left elbow and thumb.

At the time of the injury, claimant was earning approximately $9.50 per hour or $380 weekly. He had no education or work experience in any other type of employment, and his formal education consisted of completing grades one through eight.

A petition for compensation was filed with the Workers' Compensation Court to determine what benefits, if any, to which claimant was entitled. A hearings examiner, Robert B. Sherman, was appointed by the court, and a hearing was held with respect to the petition on April 19, 1978. After the hearing, the examiner entered findings of fact and conclusions of law. The examiner found that claimant was entitled to compensation, as a totally and permanently disabled person under the Workers' Compensation Act, and that claimant

was entitled to compensation for all medical expenses incurred with respect to injuries which were causally related to the accident in November. On September 21, 1978, the Workers' Compensation Court adopted the examiner's findings of fact and conclusions of law.

During the settlement of the workers' compensation claim and following the Workers' Compensation Court's order, McKee Company's insurance carrier, General Accident Fire and Life, made payments to claimant. Claimant also received benefits under the Social Security Disability Act. Pursuant to section 39-71-702, MCA, the carrier reduced claimant's workers' compensation benefits by one-half of the benefits received under the Social Security Act. On August 8, 1978, it was discovered that General Accident had overpaid claimant by approximately $8,180.38. The Workers' Compensation Court ordered claimant to make repayment of that amount at a weekly rate of $25.

Including his liability for repayment, claimant presently receives individual weekly benefits of $96.29 from Social Security and $23.26 from Workers' Compensation, or $518.85 in total individual monthly benefits. This compares to his monthly salary of approximately $1,650 while he was working as a bricklayer. Claimant also receives two auxiliary benefits for his minor children, who live in Seattle with claimant's first wife. Claimant was divorced and has since remarried.

On May 13, 1979, claimant petitioned the Workers' Compensation Court for a partial lump sum settlement. Attached to the petition was a list of expenses to which the settlement, if granted, was to be applied. The expenses were the following:

| | |
|---|---:|
| House Trailer | 1,064.83 |
| Refrigerator and TV | 195.10 |
| Lot Rental | 40.00 |
| Phone | 48.04 |
| Power | 178.22 |
| Water | 17.70 |
| Hospital | 55.10 |
| Bernie's Pharmacy | 43.04 |
| Dr. Rotar | 15.50 |
| Durritts | 36.00 |
| Bill Willoughby--personal loan--brother | 375.00 |
| Walnut St. Grocery | 60.00 |
| Taxes on House Trailer | 423.00 |
| Trailer Insurance | 127.00 |
| A-1 Ambulance | 15.00 |
| Car--monthly payments | 8,000.00 |
| New Roof on Trailer | 1,000.00 |
| Monthly Reserve | 400.00 |
| TOTAL | $12,093.53 |

A hearing was held on August 30, 1979, with respect to the petition. The only evidence presented at the hearing was claimant's testimony. On September 10, 1979, the Workers' Compensation Court ordered that the petition be granted in the amount requested. From this order, appellant in this action, General Accident Fire and Life, appeals.

A single issue is presented for review: Did the Workers' Compensation Court abuse its discretion in granting claimant's petition for a partial lump sum settlement?

Statutory authority for the conversion of regular periodic benefits payable under the Workers' Compensation Act to a total or partial lump sum settlement is found in section 39-71-741, MCA. In 1979, section 39-71-741, MCA, was amended to give the Workers' Compensation Court the authority to settle disputes concerning lump sum settlements where an insurer and a claimant disagreed. Prior to 1979 the sole discretion for determining the amount and advisability of lump sum settlements was vested in either the Workers' Compensation Division or the Industrial Accident Board.

The general rule concerning the award or denial of lump sum settlements under the Workers' Compensation Act is well settled in this state. Lump sum settlements are only granted in exceptional circumstances. Where the best interests of the claimant are generally served by paying compensation in regular periodic installments, the conversion of benefits to a lump sum settlement has been recognized as the exception rather than the rule. Utick v. (State Comp. Ins. Fund) (1979), _____ Mont. _____, 593 P.2d 739, 741, 36 St.Rep. 799, 801; Kuehn v. Nat. Farmers Union Co. (1974), 164 Mont. 303, 307, 521 P.2d 921, 923; Legowik v. Montgomery Ward (1971), 157 Mont. 436, 440, 486 P.2d 867, 869; Kent v. Sievert (1971), 158 Mont. 79, 81, 489 P.2d 104, 105.

> "The fundamental basis of workmen's compensation laws is that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents shall not necessarily rest upon the public but that the industry in which the accident occurred shall pay, in the first instance, for the accident. [Citation omitted.] Generally, the best interests of the disabled workman or his dependents will be best served by paying the compensation in regular installments as wages are paid. Such payments supply in a measure the loss of the regular paycheck. [Citation omitted.]

> "'Commutation being a departure from the normal method of payment is to be allowed only when it clearly appears that the condition of the beneficiaries warrants such a departure, but there should be no hesitancy in permitting such departure where the best interests of the parties demand it. [Citation omitted.]'" Laukaitis v. Sisters of Charity (1959), 135 Mont. 469, 472-73, 342 P.2d 752, 755.

Lump sum settlements are only granted where there is "outstanding indebtedness," "pressing need," or where "the best interests of the claimant, his family and the general public will be served."

-5-

"The criteria determinative of the advisability of conversion to a total or partial lump sum award have generally been held to be '* * *the best interests of the claimant, his family and for the best interests of the public * * *.' Kustudia v. Ind. Acc. Brd., 127 Mont. 115, 123, 258 P.2d 965, 969. See also Legowik v. Montgomery Ward, 157 Mont. 436, 486 P.2d 867. The existence of a 'pressing need' and/or 'outstanding indebtedness' has likewise been held to be relevant criterion, Kent v. Sievert, supra." Kuehn v. Nat. Farmers Union Co., supra, 164 Mont. at 307, 521 P.2d at 924.

In this case, we are faced with reviewing whether the Workers' Compensation Court should have awarded a lump sum settlement to claimant. Where we have considered this issue in other cases, we have stated that the decision to award or deny a lump sum settlement will not be interfered with on appeal unless there has been an abuse of discretion. Utick v. State Comp. Ins. Fund, supra; Sullivan v. Anselmo Mining Corp. (1928), 82 Mont. 543, 557-58, 268 P. 495, 501; Landeen v. Toole County Refining Co. (1929), 85 Mont. 41, 47, 277 P. 615, 617. The findings of the lower tribunal or board will be presumed correct and affirmed if supported by substantial evidence. Newman v. Kamp (1962), 140 Mont. 487, 490, 374 P.2d 100, 102. The decision will be reversed, however, if the evidence clearly preponderates against it. Legowik, supra.

Here, the Workers' Compensation Court based its decision to award claimant a partial lump sum settlement on the basis of evidence adduced at a hearing. Claimant, the only witness testifying, presented evidence of several outstanding debts. He testified, for example, that he owed an outstanding balance on a TV and refrigerator he had purchased and that he was "behind" on his grocery, phone, water and power bills. A letter from the Montana Power Company was introduced with respect to his power bill. It stated that

-6-

services would be terminated if claimant's account was not paid in full. Claimant also presented evidence that payments remained on his trailer house, that additional sums were owed for taxes and insurances, and that expenses had been incurred for the rental of his trailer house lot.

In addition to these debts, claimant testified that he needed money for future expenses. His trailer house roof needed repair, he needed a new washing machine, and he wanted to buy an economy car that was fuel-efficient. He also stated, though it was not specifically mentioned on his list of debts, that he expected to incur a $1,500 dental bill for a set of false teeth for his wife, who did not work because she had heart trouble.

Appellant contends upon this appeal that the court abused its discretion in awarding claimant compensation to pay these ordinary debts and anticipated future expenses. Appellant objects particularly to the court awarding sums for the purchase of a fuel-efficient economy car and the payment of dental bills for his wife's false teeth. Appellant submits, with reference to these future expenses, that there was no demonstration of "outstanding indebtedness" or "pressing need."

In considering appellant's argument, we note, first of all, that several courts have allowed a claimant to pay his past debts with proceeds from a total or partial lump sum settlement. Employers Mut. Liability Ins. Co. v. Hood (1976), 137 Ga.App. 555, 224 S.E.2d 460; Texas Employers Ins. Ass'n v. Trapp (Tex.Civ.App. 1953), 258 S.W.2d 112; U.S. Fid. & Guar. Ins. Co. v. Bradley (1977), 142 Ga.App. 572, 236 S.E.2d 543. Courts have also allowed claimants to

use lump sum settlement proceeds to pay installments on automobiles or to pay bills for future medical expenses. See, Bethlehem Steel Co. v. Taylor (1952), 199 Md. 648, 87 A.2d 844; Simpson Lumber Co., Inc. v. Brown (Ky. 1975), 520 S.W.2d 313.

Other jurisdictions have denied claimants lump sum settlements to pay past debts. See, Johnson v. General Motors Corp. (1967), 199 Kan. 720, 433 P.2d 585; Gill v. Ozark Forest Prods., Inc. (1974), 255 Ark. 951, 504 S.W.2d 357; Woods v. Sumter Stress-Crete Inc. (1976), 266 S.C. 245, 222 S.E.2d 760. At least one authority has criticized the practice on the following basis:

> ". . . If a partially or totally disabled worker gives up these reliable periodic payments in exchange for a large sum of cash immediately in hand, experience has shown that in many cases the lump sum is soon dissipated and the workman is right back where he would have been if workmen's compensation had never existed. One reason for the persistence of this problem is that practically everyone associated with the system has an incentive--at least a highly-visible short-term incentive--to resort to lump-summing . . .
>
> "The only solution lies in conscientious administration, with unrelenting insistence that lump-summing be restricted to those exceptional cases in which it can be demonstrated that the purpose of the Act will be best served by a lump-sum award." Larson, Workmen's Compensation Law, §82.71 at 15-572, 573.

This Court has had at least two occasions to review cases where lump sum settlements and past debts were concerned. In Kuehn, 164 Mont. at 307-08, 521 P.2d at 924, we approved of a lump sum settlement where proceeds would be applied to remaining installments on a home, a pickup truck and other miscellaneous bills, including attorney fees. In Kustudia, 127 Mont. at 123-24, 258 P.2d at 969, we affirmed the granting of a lump sum settlement where claimant intended

to use the proceeds to pay past debts and attorney fees and apply the remaining balance toward future expenses he would incur in his and his family's move to a more desirable location. The move was necessitated because of his mental and physical health problems.

Apart from this precedent, however, we have stated previously, and reaffirm here, that each case for a lump sum payment stands or falls on its own merits. Utick, 593 P.2d at 741, 36 St.Rep. at 802. With regard to the particular facts and circumstances of this case, we find that there was no abuse of discretion. The Workers' Compensation Court properly awarded claimant a lump sum settlement. Prior to the award, the claimant demonstrated both "pressing need" and "outstanding indebtedness." The award was made in the best interests of the claimant, his family and the general public. The compensation sought here was not, as in some cases, for pursuing a choice in a different lifestyle. See Laukaitis, supra; Malmedal v. Ind. Acc. Bd. (1959), 135 Mont. 554, 342 P.2d 745. Rather, it was sought to satisfy debts which had been or would be incurred for basic necessities. At stake was claimant's need for shelter, groceries, water, power, medical treatment, and transportation. None of these things may be called luxuries. Claimant presented virtually uncontroverted evidence of his need at the hearing, and we find that the court acted with proper discretion.

As an appellate court of review, we have consistently recognized in cases of this kind that a tribunal or board will be afforded wide discretion in determining whether a lump sum settlement should or should not be granted. Kuehn, 164 Mont. at 307, 521 P.2d at 923; Kent, 158 Mont. at 81,

489 P.2d at 105. Where the Industrial Accident Board awarded a lump sum settlement in Legowik, 157 Mont. at 440, 486 P.2d at 869, we stated:

> "'The determination of this question requires the exercise of sound discretion. The board is more favorably situated than the court to familiarize itself with the circumstances surrounding the applicant, to consider his needs, and the results which probably will follow action granting or denying the application; the power "must be exercised in conformity with the law and so as to best promote the ends of justice."'"

In this instance, the Workers' Compensation Court was in the best position to judge the needs of the claimant. There was no abuse of discretion. Where the solution to the lump-summing problem lies in conscientious administration, we find that the court acted properly.

Accordingly, we affirm the judgment of the court.

_____
                          Justice

We concur:

_____
      Chief Justice

_____

_____

_____
      Justices

-10-