No. 81-153

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

WILLIAM T. POLICH,

        Claimant and Respondent,

        -vs-

WHALEN'S O.K. TIRE WAREHOUSE,

        Employer,

    and

GLACIER GENERAL ASSURANCE CO.,

        Defendant and Appellant.

_____

Appeal from:  The Workers' Compensation Court, The Honorable
William E. Hunt, Judge presiding.

Counsel of Record:

        For Appellant:

        Garlington, Lohn & Robinson, Missoula, Montana

        For Respondent:

        Dowling Law Firm, Helena, Montana

_____

Submitted on Briefs:  June 17, 1981

Decided:  **SEP 2 5 1981**

Filed:  **SEP 2 5 1981**

_Thomas J. Kearney_
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The insurance carrier appeals from a judgment in the Workers' Compensation Court finding the claimant totally and permanently disabled and converting his future biweekly benefits into a lump sum payment. Appellant questions the sufficiency of the evidence presented to the court in support of a lump sum payment and questions whether claimant is entitled to attorney fees and costs. We affirm the judgment of the Workers' Compensation Court.

The following issues are presented to this Court for review:

1. Whether there was sufficient evidence to support the Workers' Compensation Court's holding that claimant was entitled to a lump sum payment of future benefits.

2. Whether claimant is entitled to attorney fees and costs.

Claimant William T. Polich, a longtime resident of Butte, was 62 years old in 1980 when this action arose. He had worked most of his life at unskilled and physically demanding jobs. On January 29, 1979, while employed by Whalen's O.K. Tire Warehouse, Polich suffered a back injury which was accepted as compensable by Glacier General Assurance Company. Polich has been receiving biweekly benefit payments since the date of his injury.

In March of 1979, Polich underwent a surgical laminectomy to correct a herniated disc. Despite the surgery, he continued to experience pain in his lower back, buttocks and legs. The orthopedic surgeon, who treated Polich, recommends that Polich refrain from engaging in any occupation which would require overhead work, bending, stooping, crawling, driving or lifting more than 20 pounds.

William Polich owns his own house and car; he has certificates of deposit worth $13,000 and $3,000 in a savings account. He and his wife have a combined income of $1,887 per month. Polich's wife works as a receptionist at the Department of Radiology at St. James Hospital in Butte. She has brittle diabetes, migraine headaches, and circulatory problems which make it difficult for her to continue working. She was 62 years old in 1980, is eligible for retirement benefits and desires to retire.

On July 7, 1980, claimant petitioned the Workers' Compensation Court to grant him a lump sum settlement so that he and his wife could sell their home and move south to a more hospitable climate, relieving themselves of the stress and discomfort caused them by Montana's more severe winters. The petition alleged that Polich experienced pain when he attempted "even the slightest exertion." Claimant requests the lump sum payment for his projected move because the cost of living is considerably higher in Phoenix, where the Polichs plan to live, and because, due to the depressed economy in Butte, claimant cannot expect to receive more than around $22,000 from the sale of his home in Butte. Claimant's efforts to negotiate a lump sum settlement with Glacier General had been unsuccessful.

A hearing was held on October 20, 1980. Findings of fact and conclusions of law subsequently entered determined, among other things, (1) that claimant is permanently and totally disabled; (2) that claimant is a prudent man, able to handle his financial affairs; (3) that a lump sum settlement would be in claimant's best interests; (4) that if the parties could not settle upon the amount of the lump sum payment, the Workers' Compensation Court would do so at a later date; (5) that the Workers' Compensation Court would

also determine at a later date whether attorney fees would be awarded and the amount of those fees.

Appellant, Glacier General, has obtained a stay of the order of the Workers' Compensation Court; claimant will continue receiving biweekly benefit payments pending the outcome of this appeal.

Appellant has not contested the Workers' Compensation Court's jurisdiction or its finding that claimant is permanently and totally disabled within the meaning of section 39-71-116(13), MCA.

The first issue, regarding the nature and sufficiency of the evidence presented in support of a conversion of future biweekly benefits to a lump sum payment, has been addressed by this Court in many cases.

Statutory authority for the conversion into a lump sum of biweekly payments provided for under the Workmen's Compensation Act is found in section 92-715 R.C.M., 1947, now section 39-71-741, MCA. In 1979, section 39-71-741, MCA, was amended to give the Workers' Compensation Court the authority to settle disputes concerning lump sum settlements where an insurer and a claimant disagreed. Willoughby v. Arthur G. McKee & Co. (1980), ___Mont.___, 609 P.2d 700, 701, 37 St.Rep. 620, 622.

In a recent case, Utick v. Utick (1979), ___Mont.___, 593 P.2d 739, 741, 36 St.Rep. 799, 801-802, this Court discussed the broad principles governing lump sum payments:

> "The general rule is that payments under the
> Workmen's Compensation Act are periodic. Lump
> sum settlements are an exception to the general
> rule. [Citations omitted.] This does not mean,
> however, that lump sum awards are looked on
> with disfavor. They should be awarded without
> hesitancy 'where the best interests of the parties
> demand it.' [Laukaitis v. Sisters of Charity of
> Leavenworth (1959), 135 Mont. 469, 474, 342 P.2d
> 752, 755.] Each case for a lump sum payment stands
> or falls on its own merits. Codling v. Aztec Well
> Servicing Co. (1976), 89 N.M. 213, 549 P.2d 628."

In other cases where this Court has considered the Workers' Compensation Court's decision to award or deny a lump sum settlement, we have stated that that decision will not be interfered with on appeal unless there has been an apparent abuse of discretion. Utick v. Utick, supra; Kent v. Sievert (1971), 158 Mont. 79, 489 P.2d 104. The findings of the lower tribunal or board will be presumed correct and affirmed if supported by substantial evidence. Willoughby, supra, 609 P.2d at 702, 37 St.Rep. at 623, and cases there cited.

The Workers' Compensation Court or board is "more favorably situated than [this Court] to familiarize itself with the circumstances surrounding the applicant, to consider his needs, and the results which probably will follow action granting or denying the application. . ." Willoughby, supra, 609 P.2d at 704, 37 St.Rep. at 625, (citation omitted).

Appellant maintains that the evidence before the Workers' Compensation Court was too scanty to support its conclusion that a lump sum settlement will best serve the claimant's interests. Appellant claims a contradiction exists in the court's finding that claimant wants to move to a warm climate although claimant has not really checked out the cost of living in Phoenix other than to find that it would cost more than living in Butte, so that the move might actually be detrimental to claimant and his wife. We do note that more detailed facts regarding the anticipated costs and expenses should have been presented by claimant. The evidence did show that claimant has been warned by his physician to avoid stooping, bending, crawling, heavy lifting and overhead work; the slightest physical exertion is painful to him. His wife is ill with diabetes, migraine headaches and impaired circulation. The claimant has indicated that he and his wife keep mostly to

themselves; they have few close friends left in the area. While little evidence was submitted in comparing Butte and Phoenix winter living conditions, the facts are sufficient to show that life away from below zero weather, heavy snowfall and rutted icy roads and streets would be in the best interests of this ill and aging couple.

This Court has stated that the interests of society are usually best served by having disability payments made periodically. "The purpose of [the periodic payment] method is to preclude any possibility of an imprudent employee or dependent wasting the means for support and thereby becoming a burden upon society. [Citation omitted.]" Laukaitis, supra, 135 Mont. at 472, 342 P.2d at 754. But the Workers' Compensation Court has found "that the claimant is a prudent man, able to handle his financial affairs. . ." The record indicates that Polich is solvent, and that his wife is eligible for retirement benefits. It is only the anticipated expense of the move to Phoenix that gives rise to his request for a lump sum payment. It is precisely this type of human need and financial burden that section 39-71-741, MCA is designed to cover. Without a lump sum payment of benefits, claimant and his wife will be unable to make a move that is clearly in their best interests considering their age and deteriorated health. In all likelihood, once settled in Phoenix the Polichs will continue to live, as they have in Butte, quietly and within their means.

We find there is substantial evidence upon which the Workers' Compensation Court could base its conclusion that a lump sum settlement is in the best interests of the claimant. There is no abuse of discretion in its judgment that, in accordance with section 39-71-741, MCA, Polich is entitled to a conversion of his future biweekly benefit payments

into a lump sum payment.

The second issue raised is whether the claimant is entitled to attorney fees and costs. Appellant contends that, since it has at all times been complying with the Workers' Compensation Act, claimant is not entitled to recover attorney fees and costs.

Compliance or noncompliance with the Workers' Compensation Act is not relevant to this issue. The award of attorney fees and costs in this case is governed by section 39-71-612, MCA, which states:

"(1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title, but controversy relates to the amount of compensation due and the settlement or award is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the division or the workers' compensation judge if the case has gone to a hearing based solely upon the difference between the amount settled for or awarded and the amount tendered or paid, may be awarded in addition to the amount for compensation. (2) When an attorney's fee is awarded against an employer or insurer under this section there may be further assessed against the employer or insurer reasonable costs, fees, and mileage for necessary witnesses attending a hearing on the claimant's behalf. Both the necessity for the witness and the reasonableness of the fees must be approved by the division or the workers' compensation judge."

The claimant has prevailed in a hearing where the sole controversy was the difference between the amount awarded and the amount tendered. This meets the statutory standard. This Court finds that the claimant is entitled to reasonable attorney fees and costs within the meaning of section 39-71-612, MCA.

We affirm the judgment of the Workers' Compensation Court. It is the function of the lower court to determine the amount of awards and fees, as it is the function of this Court to review the decisions of the lower courts. Therefore, we remand this case to the Workers' Compensation Court

for a determination of the amount of the lump sum payment
and attorney fees and costs to which claimant is entitled.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices