No. 89-316

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

JOHN L. REINHARD,

   Claimant and Appellant,

 -vs-

MISSOULA SHEET METAL, Employer,
  and
STATE COMPENSATION INSURANCE FUND,

   Defendant and Respondent.

FILED
'89 DEC 22 PM 1 15
ED SMITH CLERK
MONTANA SUPREME COURT

APPEAL FROM: The Workers' Compensation Court, The Honorable Timothy
     Reardon, Judge presiding.

COUNSEL OF RECORD:

  For Appellant:

    Richard R. Buley; Tipp, Frizzell & Buley, Missoula,
    Montana

  For Respondent:

    Oliver H. Goe; Browning, Kaleczyc, Berry & Hoven,
    Helena, Montana

Submitted on Briefs: Nov. 2, 1989

Decided: Decenber 22, 1989

Filed:

Clerk

Justice R. C. McDonough delivered the Opinion of the Court.

Claimant, John L. Reinhard, appeals the May 31, 1989 judgment of the Workers' Compensation Court which denied him a conversion of his biweekly workers' compensation benefits to a lump sum payment. We affirm.

The sole issue on appeal is:

Whether the Workers' Compensation Court abused its discretion when it denied John Reinhard's request to convert his biweekly payments to a lump sum award.

The claimant, Mr. Reinhard, is a 41 year old, married man with two dependent children. On March 14, 1985, he suffered an on the job injury while employed at Missoula Sheet Metal in Missoula, Montana. This injury rendered Mr. Reinhard permanently and totally disabled. He must spend nineteen hours a day flat on his back and he can only walk with the aid of two canes.

In addition to his physical ailments, Mr. Reinhard also suffers from rather substantial psychological problems. Since the injury, he has suffered severe depression. This depression has at times become so intense, that Mr. Reinhard has become suicidal. Examining physicians believe that the cause of Mr. Reinhard's depression is multi-faceted. They maintain that his psychological condition has its roots in the injury itself, chronic pain, loss of job, marital difficulties and pre-injury psychological problems arising from a chaotic social history.

Despite his health problems, Mr. Reinhard has done a remarkable job managing his finances. His assets, which are estimated at approximately $200,000, include I.R.A.'s, an investment portfolio, and several pieces of real property. Mr. Reinhard's monthly income is approximately $4,000 and his monthly living expenses usually equal about $1000-$1200. By

2

his own admission, his workers' compensation benefits are not needed to meet the family budget or any other expenses.

In an effort to ease his psychological and physical problems, Mr. Reinhard presented a request to the Division of Workers' Compensation for a lump sum advance of his benefits. The advance, which is approximately $350,000, would be used for the purchase of an apartment complex and for the purchase of a one level home. The living area in Mr. Reinhard's present home is split by two sets of stairs and is heated primarily with wood. Due to his injuries, Mr. Reinhard cannot easily negotiate the stairs which run between the two levels in his home. He is, therefore, relegated to just half of the house much of the nineteen hours a day in which he must lie flat. Also, due to his injury, Mr. Reinhard can no longer split and saw the wood which is necessary to heat his house. He therefore desires to replace his home with one that suits his disabled condition.

The remainder of the lump sum would be used to purchase an apartment complex. Mr. Reinhard maintains that this purchase would benefit him in a number of ways. First, the investment would give him some direction in life and would allow him to beneficially occupy his time by managing the finances and income realized from the apartments. This direction, he maintains, would restore lost self-esteem which has accompanied his job loss and loss of position as the family bread winner. Mr. Reinhard also asserts that his continual problems with the Workers' Compensation Division necessitate his separation from the "comp system." Apparently, the inadequacies and his perceived incompetence of the Division has been a never ending source of frustration to Mr. Reinhard. It has become a major source of his depression and anger. Finally, Mr. Reinhard maintains that this investment will allow him to increase his yearly income

3

by almost $7,000.00. This increase, he argues, would serve to better meet his physical and psychological needs.

The Workers' Compensation Court, following trial, denied Mr. Reinhard's request. It found that he had not overcome the presumption in favor of biweekly benefits, nor had he adequately established that a lump sum payment would be in his best interest. Following a denial of his request for a rehearing, Mr. Reinhard appealed to this Court.

The decision to award or deny a lump sum settlement will not be interfered with on appeal unless there has been an abuse of discretion. The Workers' Compensation Court will be presumed correct and affirmed if supported by substantial evidence. It will be reversed only if the evidence clearly preponderates against its findings. Hock v. Lienco Cedar Products (1981), 634 P.2d 1174, 38 St.Rep. 1598.

Mr. Reinhard maintains that the lower court abused its discretion by holding that there is a presumption in favor of biweekly payments. According to Reinhard, at the time the accident occurred, there was no such presumption stated in the workers' compensation statutes. Statutes which are in effect at the time of the accident control the outcome of any case brought before the Workers' Compensation Court. Buckman v. Montana Deaconess Hospital (1986), 224 Mont. 318, 730 P.2d 380. Therefore, Mr. Reinhard argues, and we agree, that the law, as it existed on the date of his injury will control the outcome of the case.

There was no statutory presumption against lump sum payments on March 14, 1985, which was the date of Mr. Reinhard's accident. See §§ 39-71-740 and 741, MCA (1983). However, through case law, it has always been recognized that biweekly payment of compensation is the favored means of dispensation of benefits. Lump sum conversion is the

4

exception. Laukatis v. Sisters of Charity of Leavenworth, (1959), 135 Mont. 469, 342 P.2d 752. The rationale behind this conclusion is that workers' compensation benefits are a substitution of wages and therefore should be paid in the same manner as wages, on a regular biweekly basis. In light of this rationale, it has been held that settlements are only granted where there is outstanding indebtedness, pressing need or where the best interests of the claimant, his family and the general public will be served. Willoughby v. General Accident Fire and Life (1980), 187 Mont. 253, 257, 609 P.2d 700, 702.

The Workers' Compensation Court determined that a lump sum payment would not be in Mr. Reinhard's best interest. It based this determination on testimony from two doctors, Mr. Reinhard's accountant, his stockbroker and from testimony of Mr. Reinhard himself.

Dr. Stratford, a psychiatrist who examined Mr. Reinhard, testified that a lump sum payment would not by itself alleviate Mr. Reinhard's problems with depression. Rather, according to Dr. Stratford's testimony, Mr. Reinhard's problems with the Workers' Compensation Division are not a cause of his mental health problems, but, instead, are the focus of his depression. He also expressed concern over Mr. Reinhard's ability to successfully manage large sums of money while he is in such a precarious mental state.

Dr. Shea, Mr. Reinhard's treating clinical psychiatrist, testified that a lump sum would probably hasten his recovery from depression. However, he also stated that settlement of the case either way would probably decrease the claimant's depression and that continuation of biweekly benefits would not necessarily increase it. Both Dr. Shea and Dr. Stratford agreed that the most beneficial treatment for Mr. Reinhard is continued treatment with anti-depressant medication and

5

psychotherapy, and that a lump sum payment, by itself, would at the most have a very minimal affect upon Mr. Reinhard.

The lower court also determined, based upon testimony from Mr. Reinhard's accountant, that the business proposal is fraught with potential risks. In particular the court found that the feasibility of the project was doubtful in light of the depressed real estate market in Missoula. It also found that Mr. Reinhard's health problems, would make it difficult for him to work with his tenants and withstand the stress which naturally accompanies apartment management.

Finally, the court determined there was no "pressing need" which would entitle Mr. Reinhard to a lump sum conversion. The court pointed out that his monthly income of $4,000.00 exceeded his living expenses by nearly $3,000.00 a month. In addition, with a net worth of nearly $200,000.00, including his present home which is worth approximately $69,900.00, Mr. Reinhard has enough financial resources to purchase a new home. In short, the Workers' Compensation Court found that there was no "outstanding indebtedness or pressing need" which would necessitate a lump sum conversion.

The lower court's findings of fact and conclusions of law are fifteen pages long, reasoned and thought out. Although its findings may be based upon conflicting evidence, this Court's function on review is confined to determining whether there is substantial evidence to support its findings. Kuenning v. Big Sky of Montana (1988), 750 P.2d 1091, 45 St.Rep. 383. We find that the Workers' Compensation Court's decision is supported by substantial evidence, is not an abuse of discretion and its judgment is affirmed.

Justice

6

We Concur:

John Conway Harrison

_____

_____
                    Justices

7

Justice John C. Sheehy, dissenting:


The statute on lump-sum settlements as in existence at the time of the injury to this employee read as follows:

> 39-71-741. Compromise Settlements and Lump-Sum Payments-Division Approval Required.
> The biweekly payments provided for in this chapter may be converted, in whole or in part, into a lump-sum payment. Such conversion can only be made upon the written application of the injured worker or the worker's beneficiary, with the concurrence of the insurer, and shall rest in the discretion of the division, both as to the amount of such lump-sum payment and the advisability of such conversion. The division is hereby vested with full power, authority and jurisdiction to allow and approve compromises of claims under this chapter. All settlements and compromises of compensation provided in this chapter are void without the approval of the division. Approval of the division must be in writing. The division shall directly notify every claimant of any division order approving or denying a claimant's settlement or compromise of a claim. A controversy between a claimant and an insurer regarding the conversion of biweekly payments into a lump-sum is considered a dispute for which the Workers' Compensation Judge has jurisdiction to make a determination.

Nothing in the foregoing statute precludes the lump-sum settlement requested here by this employee, and the strictures which the Workers' Compensation Court placed upon the proposed lump-sum settlement are not based on any statute. They are not based on decided cases in this Court either. In Willoughby v. Arthur G. McKee and Company (1980), 187 Mont. 253, 257, 609 P.2d 700, this Court said:

> Lump-sum settlements are only granted where there is "outstanding indebtedness," "pressing need," or where "the best interests or the claimant, his family and the general public will be served.'

- 8 -

The disjunctive "or" in the foregoing quotation shows that the Workers' Compensation Court need not have considered "pressing need," and the only question involved here is whether the proposal would serve the best interests of the claimant, his family and the general public.

We have here a claimant of considerable business acumen. He manages a $200,000 estate well enough to produce a monthly income of $4,000. It is laughable that the business acumen of this claimant is disparaged by the State Compensation Insurance Fund, whose present cash flow problems are probably the reason for the refusal of this lump-sum proposal, problems which in my judgment are the result of mismanagement and bungling through the past 15 years.

It seems in this case that the public would be well served, as well as the claimant, by permitting him to take a commutation of his future payments in a lump-sum, so that the claimant could use his business sense to better himself and his community through prudent economic investment. He has demonstrated know-how, which is more than we can say of his opponents.

_____
                            Justice