JUSTICE SHEEHY,
dissenting:
The statute on lump-sum settlements as in existence at the time of the injury to this employee read as follows:
“39-71-741. Compromise Settlements and Lump-Sum Payments-Division Approval Required.
“The biweekly payments provided for in this chapter may be converted, in whole or in part, into a lump-sum payment. Such conversion can only be made upon the written application of the injured worker or the worker’s beneficiary, with the concurrence of the insurer, and shall rest in the discretion of the division, both as to the amount of such lump-sum payment and the advisability of such conversion. The division is hereby vested with full power, authority and jurisdiction to allow and approve compromises of claims under this chapter. All settlements and compromises of compensation provided *375 in this chapter are void without the approval of the division. Approval of the division must be in writing. The division shall directly notify every claimant of any division order approving or denying a claimant’s settlement or compromise of a claim. A controversy between a claimant and an insurer regarding the conversion of biweekly payments into a lump-sum is considered a dispute for which the Workers’ Compensation Judge has jurisdiction to make a determination.”
Nothing in the foregoing statute precludes the lump-sum settlement requested here by this employee, and the strictures which the Workers’ Compensation Court placed upon the proposed lump-sum settlement are not based on any statute. They are not based on decided cases in this Court either. In Willoughby v. Arthur G. McKee and Company (1980), 187 Mont. 253, 257, 609 P.2d 700, this Court said:
“Lump-sum settlements are only granted where there is ‘outstanding indebtedness,’ ‘pressing need,’ or where ‘the best interests or the claimant, his family and the general public will be served.’ ”
The disjunctive “or” in the foregoing quotation shows that the Workers’ Compensation Court need not have considered “pressing need,” and the only question involved here is whether the proposal would serve the best interests of the claimant, his family and the general public.
We have here a claimant of considerable business acumen. He manages a $200,000 estate well enough to produce a monthly income of $4,000. It is laughable that the business acumen of this claimant is disparaged by the State Compensation Insurance Fund, whose present cash flow problems are probably the reason for the refusal of this lump-sum proposal, problems which in my judgment are the result of mismanagement and bungling through the past 15 years.
It seems in this case that the public would be well served, as well as the claimant, by permitting him to take a commutation of his future payments in a lump-sum, so that the claimant could use his business sense to better himself and his community through prudent economic investment. He has demonstrated know-how, which is more than we can say of his opponents.