JUSTICE HUNT
dissenting.
I dissent. The benefits received by the claimant are insufficient to cover his living expenses, and the fact that this Court finds that reducing his income by $25 per week until overpayment are repaid is fair and reasonable does not mean that it is enough for claimant and his family to live on.
In its majority opinion, this Corut states that lump sum settlements are granted in situations in which outstanding indebtedness exists, a pressing need is shown, or the best interests of the claimant, his family, and the general public will be served. Willoughby v. Arthur G. McKee and Co. (1980), 187 Mont. 253, 609 P.2d 700. The Court further states that the fact that claimant’s debts exceeded his income does not require conversion of his weekly benefits into a lump sum settlement. As a matter of law, it does. While a carrier is entitled to receive its overpayment, a lump sum advance would be in the best interest of the claimant, his family, and the general public, and therefore, the reduction of his income to below his obligations is contrary to the statement of law as set forth in Willoughby. I dissent.