No. 86-74

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

ROBERT H. BURKLAND,

        Claimant and Appellant,

    -vs-

COP CONSTRUCTION, Employer,

        and

STATE COMPENSATION INSURANCE FUND,

        Defendant and Respondent.

APPEAL FROM:  The Workers' Compensation Court, The Honorable
Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Nye & Meyer; Jerrold L. Nye, Billings, Montana

    For Respondent:

        Crowley Law Firm; William J. Mattix, Billings,
Montana

Submitted on Briefs: Oct. 23, 1986

Decided:  November 25, 1986

Filed:  NOV 25 1986

_____
           Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Claimant, Robert H. Burkland (Burkland) appeals the decision of the Workers' Compensation Judge to deny claimant an award of costs and attorney's fees. We affirm the decision of the lower court.

Burkland fractured the neck of his left femur on April 1, 1983, while employed by COP Construction. COP Construction's insurer, the State Compensation Insurance Fund (State Fund), agreed the injury was compensable. Temporary total disability benefits at the statutory rate of $254.93 per week were paid by State Fund from April 18, 1983, until March 19, 1985.

Burkland achieved maximum medical healing by March 15, 1984. At that time, Burkland's physician determined his permanent physical impairment rating to be 25%. After a September 4, 1984, visit, Burkland's physician determined that Burkland's leg had regained 90 - 95% of its musculature strength and that there was a very low probability of future difficulties. Burkland was therefore released to return to work as a truck driver.

On March 19, 1985, the State Fund converted Burkland's temporary total disability benefits to permanent partial disability benefits of $131.50 per week. Burkland expressed apprehension about competing with younger, healthier individuals for truck driver positions. He determined that his ability to support himself would improve if he owned either a home or his own truck. Negotiations were thus commenced with the State Fund for a lump-sum settlement.

Burkland initially suggested $45,000, a figure based on the temporary total disability benefits rate rather than the permanent partial disability rate. The State Fund countered

2

with an initial offer of $16,437.50 as a "compromise settlement." That figure represents the rate of $131.50 per week over 500 weeks, rather than the scheduled term of 300 weeks for a leg, diminished by 25%. Subsequent to that offer, the State Fund made a lump-sum payment of $6,500 to Burkland and increased its settlement offer to $19,200, including the $6,500.

Burkland refused the offer and filed a petition for hearing with the Workers' Compensation Court requesting the Court to find and order the following:

1. That Burkland suffered a compensable injury;

2. That Burkland has been totally disabled since the date of that injury and will remain so until obtaining employment;

3. That Burkland's earning capacity has been impaired, resulting in a permanent partial disability;

4. That the State Fund is liable for Burkland's injuries;

5. That Burkland shall receive a lump-sum settlement; and

6. That Burkland shall receive from the State Fund his reasonable attorney's fees and costs.

Thereafter, on April 15, 1985, Burkland started driving truck again, part-time. He was still employed as a truck driver and earning approximately $200 a week at the time of the hearing on his petition. The hearing consisted primarily of testimony from Burkland and rehabilitation and vocational counselors as to Burkland's prospects for employment comparable in earnings to his previous employment at COP Construction.

3

At the close of the hearing, both parties were ordered to submit proposed findings and conclusions to the lower court. From those documents and accompanying briefs, it is clear that both parties agree Burkland is entitled to benefits of $131.50 per week. The controversy centers around the number of weekly payments to which Burkland is entitled. Burkland contends he is entitled to the statutory maximum of 300 weeks. See §§ 39-71-705 and -706, MCA. State Fund contends Burkland is entitled to at least 75 weeks of $131.50 per week benefits. Then, at that point, the State Fund requests the right to adjust Burkland's benefit rate to more accurately reflect his actual diminution in earnings.

In addition, Burkland, in his proposed findings and conclusions, contends that because the law at that point in time allowed the State Fund to reduce any lump-sum entitlement to present value, a lump-sum award would serve no useful purpose to Burkland and should be denied.

The Workers' Compensation Judge found that "[t]he parties' proposed findings substantially limit the issues before the court." He then stated that Burkland is not entitled to a lump-sum; that claimant's proper current benefit rate is $131.50 per week; and that the maximum duration of those benefits is 300 weeks. Having thus eliminated several of the issues before him, the Workers' Compensation Judge stated the two remaining issues to be:

1. Is the State Fund entitled to a periodic update in Burkland's income status so that the State Fund may determine whether an adjustment of claimant's benefit rate is appropriate?

2. Is Burkland entitled to attorney's fees and costs?

In his order, the Workers' Compensation Judge granted the State Fund leave to petition the court one year after the

4

date of trial for a review of claimant's earnings and awarded Burkland attorney's fees and costs. The State Fund petitioned for rehearing on the issue of attorney's fees and costs. Upon review, the judge reversed his earlier decision and refused to grant attorney's fees and costs to Burkland.

The sole issue on appeal is whether Burkland is entitled to attorney's fees under § 39-71-612, MCA. That section states in pertinent part:

> Costs and attorneys' fees that may be assessed against an employer or insurer by workers' compensation judge. (1) If an employer or insurer pays or tenders payment of compensation under chapter 71 or 72 of this title but controversy relates to the amount of compensation due, the case is brought before the workers' compensation judge for adjudication of the controversy, and the award granted by the judge is greater than the amount paid or tendered by the employer or insurer, a reasonable attorney's fee as established by the workers' compensation judge if the case has gone to a hearing may be awarded by the judge in addition to the amount of compensation.

Burkland contends that the sum awarded him by the court, $39,450 ($131.50 x 300 weeks), exceeds the compromise settlement offer of $19,200 made by the State Fund prior to trial. Therefore, "the award granted by the judge is greater than the amount . . . tendered by the . . . insurer" and he is entitled to attorney's fees.

The State Fund contends, on the other hand, that the $19,200 was an offer for a lump-sum settlement made in response to Burkland's initial request for a lump-sum payment of $45,000. Because Burkland's request for a lump-sum settlement was dropped, the award granted by the judge had nothing to do with the original lump-sum settlement offer. Claimant walked out of court with nothing more than with what he had walked in, $131.50 a week for a maximum of 300 weeks. Because Burkland's award was not greater than what the State Fund had previously paid, there is no ground for an award of

attorney's fees. The Workers' Compensation Judge agreed with the State Fund, as do we.

We find Burkland's argument that the pre-trial settlement offer by the State Fund was not one for a lump-sum payment to be without merit. Burkland himself started the pre-trial settlement negotiations because he wished to purchase his own truck and/or trailer and become an independent truck driver. The reasons proferred by Burkland for the lump-sum payment are identical to the statutory purpose of lump-sum payments, to make more probable claimant's ability to sustain himself. See § 39-71-741(2), MCA. In addition, Burkland's first letter to the State Fund refers to the settlement as a lump-sum payment. The State Fund termed its offer a "compromise settlement," because it was offered in lieu of going to trial. It was still a lump-sum settlement, however, as opposed to a structured settlement.

Section 39-71-612, MCA, governs the award of attorney's fees when the claimant prevails in a hearing where the issue centers around a lump-sum settlement. Polich v. Whalen's O.K. Tire Warehouse (Mont. 1981), 634 P.2d 1162, 38 St.Rep. 1572. However, there is no controversy with respect to a lump-sum payment as Burkland withdrew his request for one. The award granted Burkland by the Workers' Compensation Judge is no greater than the weekly benefits paid to Burkland prior to the hearing. There is no basis for an award of attorney's fees to Burkland.

The decision of the lower court is affirmed.

_____
Justice

6

We concur:

_____
　　　Chief Justice

_____

_____

_____
　　　Justices

7